COPY

FILED
2010 JUL 20 AM 10: 32
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ______

SEAN REIS (sreis@edelson.com) - SBN 184044
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Fax: (949) 459-2123

MICHAEL J. ASCHENBRENER (maschenbrener@edelson.com)
BENJAMIN RICHMAN (brichman@edelson.com)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

BY FAX

ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THOMAS ROBINS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SPOKEO, INC., a California corporation,

Defendant.

Case No. CV10 5306 ODW (AGRx)

**COMPLAINT FOR:**

1. **Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e**
2. **Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b**
3. **Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681j**
4. **Violation of Cal. Bus. & Prof. Code § 17200 et seq.**

DEMAND FOR JURY TRIAL

**CLASS ACTION**

Plaintiff, by his attorneys, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Thomas Robins brings this class action complaint against Defendant Spokeo, Inc. ("Spokeo") for Defendant's collection and dissemination of consumer reports in violation of the Fair Credit Reporting Act ("FCRA").

2. Spokeo operates an eponymously named website—Spokeo.com—which allows users to search for consumers by name, email address, or phone number. In response to a free query, Spokeo provides an in-depth consumer report that displays, among other things, an individual consumer's address, phone number, marital status, approximate age, occupation, approximate household value, hobbies, economic health (previously entitled "credit estimate"), and wealth level. Spokeo provides even more extensive information to paid subscribers.

3. Despite Spokeo's practices of compiling and selling consumer reports as described above, the company publicly maintains that it is not a consumer reporting agency.

4. As a result, Spokeo has been unlawfully operating and profiting as a consumer reporting agency since its inception.

## PARTIES

5. Plaintiff Thomas Robins is a resident of Vienna, Virginia.

6. Defendant Spokeo, Inc. is a California corporation with its headquarters and principal place of business at 556 S. Fair Oaks Avenue, Suite 101-179, Pasadena, California 91105. Defendant does business throughout the State of California and the nation.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

9. Personal jurisdiction and venue are proper because Spokeo is a corporation headquartered in Los Angeles County and/or because the improper conduct alleged herein occurred in, was directed from, and/or emanated or exported from California.

## FACTUAL BACKGROUND

**Defendant's Process for Generating Consumer Reports**

10. Spokeo developed and operates software that allows the company to quickly aggregate data about consumers from a wide range of sources and then organize and display that information to users in an online format.

11. Some of the known sources that Spokeo uses to gather information include: phone books, real estate listings, government records, and social networking websites. However, the company has not publicly disclosed the full list of sources it uses to generate reports about consumers.

12. Despite the breadth of information it provides about individual consumers, Spokeo disclaims the use of its services as a method for establishing a consumer's eligibility for credit, employment, or insurance, and further disclaims the use of its reports for any purpose covered by the FCRA.

13. Nevertheless, Spokeo has marketed its services to human resource professionals, law enforcement agencies, persons and entities performing background checks, and publishes individual consumer "economic health" assessments (until recently, Defendant described those assessments as "credit estimates").

**The Information Defendant Reports**

14. According to Defendant, millions of users search its website for consumer information each day. When a user requests information regarding a particular consumer, Defendant immediately displays numerous pieces of information about that consumer, including the names of their siblings and parents, their address, phone number, marital status, age, employment information, education, ethnicity, items sought from websites such as

Amazon.com, music listened to on websites such as Pandora.com, descriptors such as "seeks opportunity," "cares about healthy living," and "loves to read," and more.

15. In addition to the extensive demographic information Spokeo provides, its reports contain colorized charts depicting the consumer's "economic health" (formerly "credit estimate") and "wealth level," which range from "low" to "high." Defendant does not, however, disclose where it obtains this economic information.

16. Spokeo's reports even provide users with an image of the consumer's purported home address, complete with a corresponding map of their neighborhood. The address and neighborhood maps are accompanied by information about how long the consumer has lived at the particular address, the value of the property, and individual property attributes like the existence of fireplaces or swimming pools.

17. Although Defendant provides extensive data about consumers, a significant portion of the information that it reports is wholly inaccurate. In fact, the inaccuracies in Spokeo's reports have been the source of much consternation for consumers upset about public mischaracterizations of their employment history, economic background, household value, and the like.[1]

18. Compounding the inaccuracies in its reports, Spokeo has failed to develop an effective system to allow consumers to remove inaccurate information from their individual reports, or remove the reports from Defendant's website altogether. In May, 2009, Defendant's founder—Harrison Tang—gave a statement regarding purported inaccuracies in Defendant's consumer reports. According to Tang, "We know there are a lot of things we need to improve. There are algorithms we can do that we haven't had time to improve the inaccuracies. There's a lot of holes. We know that and we admit that."[2]

---

[1] *See, e.g.*, Spokeo: Meredith Yeomans, Privacy Concerns Over People Search Database Spokeo.com, AZFAMILY.COM, June 1, 2010, http://www.azfamily.com/news/consumer/Privacyconcernsover▯people▯search▯database▯Spokeocom▯95374649.html., Arkansas AG has privacy concerns about Spokeo.com, http://www.pogowasright.org/?p=10022.

[2] Spokeo Web site raising privacy concerns, http://www.ohio.com/business/93220444.html

19. Perhaps most telling, Mr. Tang has removed all reports regarding himself from Defendant's website.[3]

## FACTS RELATING TO PLAINTIFF

20. Spokeo maintains an inaccurate consumer report about Plaintiff Robins on its website.

21. The consumer report that Spokeo has compiled about Plaintiff Robins correctly describes his basic identifying information such as address, neighborhood, and siblings' names; however, most of the other information is incorrect. For example, the picture Defendant purports to be an image of Robins is not in fact Plaintiff, Plaintiff is not in his 50s, is not married, is not employed in a professional or technical field, does not have a graduate degree, and has no children.

22. Furthermore, Plaintiff has no way of verifying the "economic health" rating Defendant ascribes to him, and denies that his "wealth level" is accurately described.

23. Like many other individuals whose information Defendant reports on its website, Plaintiff is concerned that the inaccuracies his report will affect his ability to obtain credit, employment, insurance, and the like.

24. Plaintiff is particularly concerned about Defendant's inaccurate report in light of the fact that he is currently out of work and seeking employment. In fact, Mr. Robins has been actively seeking employment throughout the time that Spokeo has displayed inaccurate information consumer reporting information about him and he has yet to find employment.

## CLASS ALLEGATIONS

25. Plaintiff Robins brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of himself and a class of similarly situated individuals (the "Class") defined as follows:

---

[3] You won't find Spokeo founder included on his 'people search' site, http://articles.latimes.com/2010/jun/08/business/la-fiw-lazarus-20100608

> All individuals in the United States who have had their consumer information compiled and distributed or sold to third-parties by Spokeo, Inc. between January 2006 and July 16, 2010.

Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

26. The Class consists of millions of individuals, making joinder impractical.

27. Plaintiff's claims are typical of the claims of all of the other members of the Class. Plaintiff and each Class member was affected in substantially the same way by Defendant's unlawful compiling of their personal information for distribution and/or sale to third parties in violation of the FCRA and other applicable law.

28. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

29. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and litigants, and promotes consistency and efficiency of adjudication.

30. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class.

31. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's wrongful conduct.

32. There are many questions of law and fact common to Plaintiff's claims and the claims of the other members of the Class. Common questions for the Class include but are not limited to the following:

a) the means and methods by which Defendant compiles, distributes and sells consumer reports to third parties;

b) the extent and duration of Defendant's compilation, distribution, and sale of consumer reports to third parties;

c) whether Defendant's conduct described herein constitutes a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*;

d) whether Defendant's conduct described herein constitutes a violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and,

e) whether Defendant unjustly received and/or continues to receive money as a result of its conduct described herein, and whether under principles of equity and good conscience, Defendant should not be permitted to retain those monies.

33. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

34. Plaintiff reserves the right to revise the foregoing "Class Allegations" based on facts learned in discovery.

**FIRST CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e**

**(On behalf of Plaintiff and the Class)**

35. Plaintiff incorporates by reference the foregoing allegations.

36. The Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, was enacted in 1970 to ensure, among other things, that "consumer reporting agencies" adhere to strict guidelines for maintaining and distributing fair and accurate consumer reports.

37. Defendant is a "consumer reporting agency" as defined by FCRA because it accepts "monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and…uses…means or facilit[ies] of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

38. Defendant is also a "nationwide specialty consumer reporting agency," as defined by FCRA because it is "a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to (1) medical records or payments; (2) residential or tenant history; (3) check writing history; (4) employment history; or (5) insurance claims." 15 U.S.C. § 1681a(w).

39. The data Defendant compiles and distributes and/or sells to third-parties constitutes a "consumer report" as defined by FCRA because it contains "written, oral, or other communication[s] of . . . information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d).

40. Defendant compiles and distributes information to its users about individual consumers including, their "credit estimate" (now "economic health"), "wealth level," as well as occupational and personal characteristic information.

41. Despite Spokeo's clearly defined status as a "consumer reporting agency," it has publicly disclaimed any obligations under FCRA.

42. According to Defendant, "The data provided to you by Spokeo may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment purposes or for any other purpose authorized under the FCRA."

43. The "terms" displayed on Defendant's website further state that it is impermissible to use the information contained on Spokeo.com "to evaluate a consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes, to evaluate a person's eligibility for employment purposes, to evaluate a person's

eligibility for a government license or benefit, or for any other purpose specified in the Fair Credit Reporting Act (15 U.S.C. § 1681b)."

44. Nevertheless, Defendant has marketed its services to human resource professionals, law enforcement agencies, persons and entities performing background checks, and publishes individual consumer "economic health" assessments.

45. Section 1681e(d)(1) of FCRA requires that a consumer reporting agency provide, to any person who regularly and in the ordinary course of business furnishes information about any consumer to the consumer reporting agency ("Furnisher"), a "Notice To Furnishers of Information: Obligations Under the FCRA" ("Furnisher Notice").

46. Section 1681e(d)(2) requires that a consumer reporting agency provide, to any person to whom it provides a consumer report ("Users"), a "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA" ("User Notice").

47. The Furnisher Notices and the User Notices inform Furnishers and Users, of their responsibilities under FCRA, such as a Furnisher's responsibility to provide accurate information or a User's responsibility to provide adverse action notices.

48. Defendant has continually failed to provide Furnisher Notices to Furnishers as required by FCRA.

49. Defendant has further failed to provide User Notices to Users as required by FCRA.

50. Section 1681e(b) mandates that when a consumer reporting agency prepares a consumer report that it shall follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

51. Defendant has continually failed to follow reasonable procedures to assure the maximum possible accuracy of the information that it provides in its consumer reports.

52. As a result of Defendant's conduct described herein and its willful violations of §§ 1681e(d), 1681e(b), Plaintiff and the Class have suffered injuries. Plaintiff, on his own behalf and on behalf of the Class, seeks an order enjoining Defendant's conduct described herein and awarding himself and the Class the maximum statutory damages available under 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b**

**(On behalf of Plaintiff and the Class)**

53. Plaintiff incorporates by reference the foregoing allegations.

54. Section 1681b(b)(1) of FCRA mandates that a consumer reporting agency only furnish a consumer report for employment purposes if it ensures that the person who obtains the report complies with certain disclosure requirements ("FCRA disclosures").

55. The FCRA disclosures inform consumers that a consumer report may be used for employment purposes and inform employers that they must provide consumers with certain information if any adverse action is taken based in whole or in part on the report.

56. Defendant promotes its services to employment recruiters and employers for use in making employment decisions.

57. Defendant has furnished consumer reports for employment purposes, has failed to make the FCRA disclosures required by § 1681b.

58. As a result of Defendant's conduct described herein and its willful violations of §1681b(b), Plaintiff and the Class have suffered injuries. Plaintiff, on his own behalf and

on behalf of the Class, seeks an order enjoining Defendant's conduct described herein and awarding himself and the Class the maximum statutory damages available under 15 U.S.C. § 1681n.

## THIRD CAUSE OF ACTION

### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681j

### (On behalf of Plaintiff and the Class)

59. Plaintiff incorporates by reference the foregoing allegations.

60. 15 U.S.C. § 1681j(a)(1)(C) directs the Federal Trade Commission ("FTC") to establish streamlined processes for consumers to request free annual file disclosures. The FTC promulgated the Streamlined Process Rule, which is codified at 16 C.F.R. § 610.3. The rule requires, among other things, that a nationwide specialty consumer reporting agency, like Defendant, provide consumers with a toll-free telephone number to request annual file disclosures and that the telephone number is prominently posted on any website owned or maintained by the nationwide specialty consumer reporting agency, as well as instructions to request disclosures by any additional available request methods. 16 C.F.R. § 610.3(a)(1).

61. Defendant has failed to establish the processes required by the Streamlined Process Rule. In particular, Defendant has failed to post a toll-free telephone number on its website through which consumers can request free annual file disclosures.

62. As a result of Defendant's conduct described herein and its willful violations of §§ 1681j(a)(1)(C) an 1681j(a)(2), Plaintiff and the Class have suffered injuries. Plaintiff, on his own behalf and on behalf of the Class, seeks an order enjoining Defendant's conduct described herein and awarding himself and the Class the maximum statutory damages available under 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**

**Violation of Cal. Bus. & Prof. Code § 17200 et seq.**

**(On behalf of Plaintiff and the Class)**

63. Plaintiff incorporates by reference the foregoing allegations.

64. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

65. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

66. As described above, Defendant has violated the "unlawful" prong of the UCL in that Defendant's conduct violates numerous provisions of the FCRA.

67. Defendant has violated the "unfair" prong of the UCL in that it gained an unfair business advantage by failing to produce accurate reports and otherwise take the necessary steps to adhere to FCRA.

68. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to engage in the unfair and unlawful conduct described herein. Plaintiff seeks an order (1) requiring Defendant to cease the unfair and unlawful practices described herein; and, (2) awarding reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Thomas Robins, on behalf of himself and the Class, respectfully requests that this Court issue an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Thomas Robins as class representative, and appointing his counsel as class counsel;

B. Declaring that Defendant's actions, as set out above, violate the Fair Credit Reporting Act, §§ 1681e, 1681b, 1681j, and Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

C. Award Plaintiff and the Class statutory damages to the maximum extent allowable;

D. Awarding injunctive relief as necessary to cease Defendant's violations of the Fair Credit Reporting Act and Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

E. Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

G. Enter such other injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Class;

H. Award such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: July 20, 2010

EDELSON MCGUIRE LLP

By: ______________________
SEAN REIS
One of the Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

**CV10- 5306 ODW (AGRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THOMAS ROBINS, individually and on behalf of all others similarly situated

**DEFENDANTS**
SPOKEO, INC., a California corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Sean Reis, SBN 184044, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688 (949) 459-2124

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No

☑ **MONEY DEMANDED IN COMPLAINT: $** statutory and other

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1681e, b, j (Violations of the Fair Credit Reporting Act)

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☑ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: ______________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Virginia |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 7-20-10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ORIGINAL

Name & Address:
Sean Reis, SBN 184044
Edelson McGuire LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

THOMAS ROBINS, individually and on behalf of all others similarly situated,

PLAINTIFF(S)

v.

SPOKEO, INC., a California corporation,

DEFENDANT(S).

CASE NUMBER

CV10 5306ODW (AGRx)

SUMMONS

TO: DEFENDANT(S): SPOKEO, INC., a California corporation,

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Sean Reis, whose address is 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 20 2010

By: CHRISTOPHER POWERS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*