1  SEAN REIS (sreis@edelson.com) - SBN 184044
   EDELSON MCGUIRE, LLP
2  30021 Tomas Street, Suite 300
3  Rancho Santa Margarita, California 92688
   Telephone:  (949) 459-2124
4  Facsimile:  (949) 459-2123

5
   JAY EDELSON (jedelson@edelson.com)
6  MICHAEL J. ASCHENBRENER (maschenbrener@edelson.com)
7  BENJAMIN H. RICHMAN (brichman@edelson.com)
   EDELSON MCGUIRE, LLC
8  350 North LaSalle Street, Suite 1300
9  Chicago, Illinois 60654
   Telephone: (312) 589-6370
10 Facsimile: (312) 589-6378

11
   ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THOMAS ROBINS, an individual, on behalf of himself and all others similarly situated, | Case No. 10-CV-5306 ODW (AGRx) |
| Plaintiff, | **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| v. | Judge Otis D. Wright II |
| SPOKEO, INC., a California corporation, | Date:  Monday, February 28, 2011<br>Time:  1:30 p.m.<br>Location:  Courtroom 11 |
| Defendant. | Action Filed: July 20, 2010 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 28, 2011, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Otis D. Wright II, in courtroom 11 of the United States District Court for the Central District of California, Western Division, located at United States Courthouse, 312 N. Sprint Street, Los Angeles, California 90012, Plaintiff Stewart Robins will and hereby does move under Fed. R. Civ. P. 23(a) and (b)(2)-(3) and Local Rule 23-3 for an order certifying this case as a class action.

Pursuant to Fed. R. Civ. P. 23(a) and L.R. 23-3, Plaintiff moves for certification of one class under Counts I-IV of Plaintiff's Class Action Complaint. The proposed Class consists of: All individuals in the United States who have had their consumer information compiled and distributed or sold to third-parties by Spokeo, Inc. between January 2006 and July 16, 2010.

Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is any judge to whom this case is assigned and the judge's immediate family.

In support of his motion, Plaintiff states as follows:

1. The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet the following prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4). After meeting the strictures of Rule 23(a), the plaintiff must then demonstrate that common questions of law or fact predominate and that maintaining the suit as a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3).

2. In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, the Court accepts the allegations of the plaintiff's complaint as true, but may consider matters beyond the pleadings to determine if the claims are suitable for resolution on a class-wide basis. *Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544, 548 (N.D. Cal. 2007).

3. The numerosity prerequisite is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no "specific" number required, nor is a plaintiff required to state the "exact" number of potential class members. *Celano*, 242 F.R.D. at 548. Generally, the numerosity requirement is satisfied when the class comprises 40 or more members. *See id.* at 549. Courts, additionally, have held that "[w]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith,* 541 F. Supp. 351, 370 (C.D. Cal. 1982). In this case, the proposed Class potentially encompasses all Americans, and Plaintiff estimates the number of Class members to exceed 1 million persons. (*See* Compl. ¶ 26.) Accordingly, the proposed Class satisfies the requirement that it be so numerous that joinder of all individual members' claims would be impracticable. *See* Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands…In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.")

4. The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[P]laintiffs may demonstrate commonality by showing that class members have shared legal issues by

---
Plaintiff's Motion for Class Certification
Case No. CV 10-5306 ODW (AGRx)                                              3

divergent facts or that they share a common core of facts but base their claims for relief on different legal theories." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007). "[O]ne significant issue common to the class may be sufficient to warrant certification." *Id.*

5. As alleged in this case, all members of the proposed Class share the common issue of whether they have had their personal information compiled and distributed or sold to third-parties by Spokeo. These common issues among members of the proposed Class result in common legal questions such as: (1) whether Defendant's conduct violates the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e, 1681b, and/or 1681j; and, (2) whether defendant engaged in unfair, unlawful, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200.

6. The commonality requirement is therefore met. *See Dukes*, 509 F.3d at 1177.

7. Rule 23 next requires that Robins's claims are typical of those of the Class. Fed. R. Civ. P. 23(a)(3). "[T]ypicality focuses on the relationship of facts and issues between the class and its representatives." *Dukes*, 509 F.3d at 1184, fn.12 (citation omitted) ("[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical[;] some degree of individuality is to be expected in all cases, but that specificity does not necessarily defeat typicality").

8. In this case, Plaintiff and the proposed Class members were equally harmed by Defendant as a result of a common course of conduct. Spokeo compiled and distributed or sold personal information to third-parties in violation of the FCRA, thereby affecting Plaintiff and each of the Class members. As a result of this conduct, Plaintiff and the proposed Class members were damaged in a nearly identical manner. Accordingly, Plaintiff's claims are typical of those of the Class.

9. The final Rule 23(a) prerequisite requires that the proposed class representatives have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.

10. In this case, Robins has the same interests as the proposed class members—obtaining relief for Defendant's systematic violations of FCRA. Robins has no interests antagonistic to the interests of the proposed Class. Further, Class Counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have had extensive experience in consumer class action lawsuits involving technology issues that are similar in size, scope and complexity to the present case. (*See* Edelson McGuire, LLC Firm Resume, a true and accurate copy of which is attached hereto as <u>Exhibit A</u>). Accordingly, both Robins and his counsel will adequately represent the Class.

11. Once the subsection (a) prerequisites are satisfied, a plaintiff seeking certification under Rule 23(b)(2) or 23(b)(3) must satisfy several additional requirements. Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds that apply generally to the class, "so that final injunctive relief or corresponding declaratory relief is appropriate…." Fed. R. Civ. P. 23(b)(2). In this case, Defendant failed to provide Furnisher Notices and User Notices to companies supplying consumer reporting information to Spokeo and to users of Spokeo's Consumer Reports, respectively. Spokeo has also failed to make the disclosures required by FCRA, § 1681b, when it has furnished consumer reports for employment purposes. Additionally, Defendant has failed to establish the processes required by the Streamlined Process Rule of FCRA by failing to post a toll-

free telephone number on its website for consumers to request free annual file disclosures.  Thus, Defendant acted and failed to act on grounds generally applicable to the Class as a whole, making final injunctive relief necessary to protect Plaintiff and the Class from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

12. Next, Rule 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 519 F.3d 985, 991 n. 5 (9th Cir. 2008).

13. In this case, common issues of fact and law predominate.  Defendant's failures to satisfy the requirements of FCRA is common to all Class members' claims and damages, and predominates over any issues applicable to any individual members of the Class.

14. In addition, the instant class action is superior to other available methods for the fair and efficient adjudication of Plaintiff and the Class's claims.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and such individual actions would be judicially inefficient.

15. Because Plaintiff's deadline under L.R. 23-3 for moving for class certification precedes the initial Case Management Conference and even the deadline to conduct a Rule 26 conference, Plaintiff was not able to engage in the discovery necessary to more thoroughly address the requirements of Rule 23 before moving for class certification.  Consequently, Plaintiff plans to provide a complete memorandum of law in support of his motion for class certification upon completing sufficient class discovery.

**WHEREFORE**, Plaintiff Thomas Robins respectfully requests that the Court (1) certify the proposed Class as defined in his Complaint, (2) appoint Plaintiff Robins as Class Representative, (3) appoint Edelson McGuire, LLC as Class Counsel, or, (4) in the alternative, reserve ruling on Plaintiff's Motion for Class Certification until after Plaintiff has had an opportunity to conduct discovery related to the issues presented herein, and (5) provide any other or further relief that the Court deems equitable and just.

DATED: November 4, 2010                  **THOMAS ROBINS**

By: s/ Michael J. Aschenbrener
MICHAEL J. ASCHENBRENER
EDELSON MCGUIRE LLC
One of Mr. Robins's Attorneys

## CERTIFICATE OF SERVICE

I, Michael J. Aschenbrener, an attorney, certify that on November 4, 2010, I served the above and foregoing *Plaintiff's Motion for Class Certification*, by causing true and accurate copies of such paper to be filed and transmitted to counsel of record via the Court's CM/ECF electronic filing system.

                                                  s/ Michael J. Aschenbrener
                                                  Michael J. Aschenbrener
                                                  EDELSON MCGUIRE LLC