O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306 ODW (AGRx) | Date | May 11, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING in part and DENYING in part Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint [45]

## I.  INTRODUCTION

Currently before this Court is Defendant, Spokeo, Inc.'s ("Defendant"), Motion to Dismiss Plaintiff, Thomas Robin's ("Plaintiff"), First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. # 45.) Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendant's Motion is **GRANTED in part** and **DENIED in part.**

## II.  FACTUAL BACKGROUND

On January 27, 2011, this Court dismissed Plaintiff's Complaint for lack of standing and gave Plaintiff twenty days to amend his Complaint to meet the standing requirements.[1] (Dkt. # 35.) On February 16, 2011, Plaintiff filed a First Amended

---

[1] Specifically, Plaintiff's Complaint was dismissed on the basis that he did not sufficiently allege an injury in fact to confer Article III standing.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306 ODW (AGRx) | Date | May 11, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

Complaint ("FAC"). (Dkt. # 36.) In his FAC, Plaintiff alleges that Defendant operates its website, Spokeo.com, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.[2] (FAC ¶¶ 1, 2.) Specifically, Plaintiff claims that reports generated by Spokeo.com contain inaccurate consumer information that is marketed to entities performing background checks, including "HR professionals and potential employers[.]" (FAC ¶¶ 13-15, 22, 29.) As a result of Defendant's FCRA violations, Plaintiff alleges that Defendant has caused him "actual and/or imminent harm by creating, displaying, and marketing inaccurate consumer reporting information about Plaintiff." (FAC ¶ 35.)

In response, Defendant avers that it cannot be sued for alleged FCRA violations because it is not a consumer reporting agency. (Memorandum in Support of Motion ("Memo"), Dkt. # 46, at 2.) Defendant now brings the instant Motion to Dismiss Plaintiff's FAC in its entirety for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6), and lack of subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(1).

### III. LEGAL STANDARD

#### A. Subject Matter Jurisdiction

In order for this Court to have subject matter jurisdiction over the merits of Plaintiff's claims, Plaintiff must establish the requisite standing to sue. *See Whitmore v. Arkansas,* 495 U.S. 149, 154 (1990). A plaintiff has Article III standing to sue where the plaintiff alleges facts showing that "(1) it has suffered an 'injury in fact' . . . (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely . . . that the injury will be redressed by a favorable decision." *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). "The litigant must clearly and specifically set forth facts to satisfy these Art. III standing requirements." *Whitmore*, 495 U.S. at 155-56.

---

[2] Plaintiff's causes of action are for: violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681(b); 1681(e); 1681(j); and violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306 ODW (AGRx) | Date | May 11, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

**B.     Failure to State a Claim**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). "To survive a [12(b)(6)] motion to dismiss . . . a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

**IV. DISCUSSION**

As an initial matter, Defendant moves to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting that this Court does not have subject matter jurisdiction to consider Plaintiff's claims. (Memo at 1.) The Court disagrees. In light of Plaintiff's FAC, the Court finds that Plaintiff has alleged sufficient facts to confer Article III standing. Specifically, Plaintiff has alleged an injury in fact - the "marketing of inaccurate consumer reporting information about Plaintiff" - that is fairly traceable to Defendant's conduct - alleged FCRA violations - and that is likely to be redressed by a favorable decision from this Court. (FAC ¶¶ 1, 35, 65) *See Friends of the Earth*, 528 U.S. at 180-81. Accordingly, Plaintiff has established the requisite standing to sue and the Court has subject matter jurisdiction over Plaintiff's claims.

Alternatively, Defendant moves to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, asserting that: (1) Defendant is not a consumer reporting agency under the FCRA, (2) Defendant "is immune from the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306 ODW (AGRx) | Date | May 11, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

alleged liability under the Communications Decency Act ("CDA")[,]" and (3) "Plaintiff's claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") fails both because it depends entirely on the failed FCRA claims and because Plaintiff does not and cannot allege that he lost money or property because of [Defendant's] alleged conduct[.]" (Memo at 2.) The Court considers each argument below.

### A. Defendant's argument that it is not a consumer reporting agency

Under the FCRA, a consumer reporting agency is:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Defendant avers that Plaintiff fails to state a claim against it under the FCRA because Defendant is not a "consumer reporting agency." (Memo at 12.) Specifically, Defendant contends that it does not regularly engage in providing consumer credit information for the purpose of furnishing consumer reports. (*Id.*) Conversely, Plaintiff alleges that "Defendant falls within the scope of FCRA because [Defendant] . . . collects and creates [consumer] information for the purpose of furnishing it to paid subscribers who regularly provide monetary fees in exchange for Spokeo's reports, which contain data and evaluations regarding consumers' economic wealth and creditworthiness." (Opp. at 14; FAC ¶¶ 18-19, 26, 29.)

To overcome a 12(b)(6) motion to dismiss, a complaint must only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Accordingly, Plaintiff need not at this stage prove that Defendant is in fact a "consumer reporting agency." Plaintiff's allegations that Defendant regularly accepts money in exchange for reports that "contain data and evaluations regarding consumers' economic wealth and creditworthiness" (FAC ¶¶ 18-

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306 ODW (AGRx) | Date | May 11, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

19, 26, 29) are sufficient to support a plausible inference that Defendant's conduct falls within the scope of the FCRA.[3] Thus, Plaintiff has alleged sufficient facts to survive Defendant's Motion on this ground.

### B. Defendant's argument that it is immune under the CDA

The CDA states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c). This provision "immunizes providers of interactive computer services against liability for content created by third parties[.]" *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008). Defendant asserts that it is immune under the CDA because it is an "interactive computer service" that "passively displays content that is created entirely by third parties." (Memo at 19.) Plaintiff, however, alleges that CDA immunity does not apply to Defendant because unlike information content providers that simply reorganize information obtained from other content providers, "Defendant develops original content based on information obtained from a variety of sources and posts it online[.]" (Opp. at 21; FAC ¶¶ 12-13.) Accordingly, application of the immunity is not clear at this time and the Court declines to dismiss the Complaint on this basis.

### C. Plaintiff's UCL Claim

California's UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200. The UCL grants a private

---

[3] Defendant further contends that its reports cannot constitute "consumer reports" because the FCRA requires that such reports are "used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for– [any unauthorized FCRA purpose,]" 15 U.S.C. § 1681a(d)(1), and disclaimers on Defendant's website specifically provide that the information "cannot be used for FCRA purposes." (Memo at 13-15.) The Court, however, finds that this argument fails for the same reasons as the previous argument. Plaintiff's allegations that Defendant expects its reports to be used for unauthorized FCRA purposes because Defendant's reports contain information traditionally associated with "consumer reports" and Defendant markets such reports to "HR professionals and potential employers" (Opp. at 16-17; FAC ¶¶ 26-29) are sufficient to support a plausible inference that Defendant's reports are "consumer reports" within the scope of the FCRA.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306  ODW (AGRx) | Date | May 11, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

right of action to any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Defendant avers that Plaintiff does not have standing under the UCL because "he does not plead any factual basis for [the] conclusion" that he has "lost money" as a result of Defendant's conduct**.** (Memo at 22.) Plaintiff, however, alleges that Defendant's conduct has caused actual harm to [his] employment prospects." (FAC ¶ 35.) As a result, Plaintiff contends that he has "suffered economic injury in the form of lost income during his period of unemployment." (Opp. at 23; FAC ¶ 36.) The Court agrees with Defendant.

Plaintiff's conclusory allegations that Defendant's conduct has harmed his employment prospects are insufficient. While, at this stage the Court is required to accept allegations contained in the Complaint as true, mere labels and conclusions will not do. *See Lee v. City of L.A.*, 250 F.3d at 688; *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff has not provided sufficient facts to "raise a right to relief  above the speculative level," *See Twombly*, at 555, and Plaintiff's UCL claim is hereby **DISMISSED WITH PREJUCIDE**.

### V.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part.** Defendant's Motion is GRANTED with respect to Plaintiff's UCL claim and DENIED as to Plaintiff's claims arising under the FCRA.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |