MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
BARRETT L. SCHREINER (SBN 266617)
bschreiner@mayerbrown.com
350 South Grand Avenue
25th Floor
Los Angeles, CA  90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

Attorneys for Defendant
SPOKEO, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS ROBINS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>SPOKEO, INC.,<br><br>                    Defendant. | Case No. CV-10-5306-ODW (AGRx)<br><br>**DEFENDANT SPOKEO, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Judge:   Hon. Otis D. Wright II<br><br>Complaint Filed:   February 17, 2011 |

DEFENDANT SPOKEO, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. CV-10-5306-ODW (AGRx)

700164411

Defendant Spokeo, Inc. ("Spokeo" or "Defendant") hereby answers the First Amended Complaint ("FAC") filed by Plaintiff Thomas Robins ("Plaintiff") as follows:

## NATURE OF THE ACTION

1. Spokeo admits that Plaintiff purports to bring a class action against Spokeo for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Spokeo denies that it collects, creates, and disseminates consumer reports. Except as expressly admitted, Spokeo also denies the remaining allegations of paragraph 1 of the FAC.

2. Spokeo admits that it operates spokeo.com. Spokeo admits that users of spokeo.com may now search for persons by name, email address, and phone number. Spokeo admits that it provides some publicly-available information to users for free and additional publicly-available information to paid subscribers. Spokeo denies that it provides consumer reports. Except as expressly admitted, Spokeo also denies the remaining allegations of paragraph 2 of the FAC.

3. Spokeo admits that the publicly-available information available on spokeo.com is aggregated from a wide range of sources. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 3 of the FAC.

4. Spokeo admits that it publicly maintains that it is not a consumer reporting agency. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 4 of the FAC.

5. Spokeo denies each and every allegation of paragraph 5 of the FAC.[1]

## PARTIES

6. Spokeo lacks information to admit or deny the allegations in the second paragraph 5 of the FAC, and thus denies them.

---

[1] Paragraph 5 of the FAC is repeated twice, followed by paragraph 6, then paragraph 8. The FAC does not contain a paragraph 7.

7. Spokeo admits that its headquarters and principal place of business is in Pasadena, California. Defendant admits that it does business throughout the State of California and elsewhere in the nation. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 6 of the FAC.

**JURISDICTION AND VENUE**

8. Spokeo neither admits nor denies the allegations of paragraph 8 of the FAC, as the statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

9. Spokeo admits that it is a corporation headquartered in Los Angeles County. Spokeo denies that any of its conduct is improper or unlawful. Except as expressly admitted or denied, Spokeo neither admits nor denies the remaining allegations of paragraph 9 of the FAC, as the remaining statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

**FACTUAL BACKGROUND**

**Defendant's Process for Generating Consumer Reports**

10. Spokeo admits that its has developed and operates software that can quickly aggregate publicly-available information about persons from a wide range of public sources and then organize and display that information to online users. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 10 of the FAC.

11. Spokeo admits that it has not publicly disclosed the full list of sources that it uses to gather information. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 11 of the FAC.

12. Spokeo denies each and every allegation of paragraph 12 of FAC.

13. Spokeo denies each and every allegation of paragraph 13 of FAC.

14. Spokeo admits that it disclaims the use of its services as a method for establishing a consumer's eligibility for credit, employment, or insurance or for any FCRA purpose. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 14 of the FAC.

15. Spokeo denies that it marketed its current website to human resource professionals, law enforcement agencies, or persons/entities performing background checks. Spokeo admits that its website currently contains "Economic Health" and that it previously contained "Credit Estimate." Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 15 of the FAC.

**The Information Defendant Reports**

16. Spokeo admits that millions of visitors regularly use Spokeo. Spokeo admits that when a user tries to search for a particular person on spokeo.com, the site displays some publicly-available information if the search yields results, which can include information about that person's or someone else's family members, address, phone number, relationship status, age, occupation information, education information, ethnicity, and other publicly-available information. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 16 of the FAC.

17. Spokeo admits that when a user tries to search for a particular person on spokeo.com, it may display—or has displayed—a list of publicly-available descriptors for that person or another person, including "seeks opportunity," "is self-driven," "cares about healthy living," "loves reading," "enjoys home decorating," "enjoys shopping," "loves to travel." Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 17 of the FAC.

18. Spokeo admits that it has displayed—or displays—publicly-available information entitled "Economic Health" (formerly "Credit Estimate") and "Wealth Level." Spokeo admits that "Economic Health" at one point may have contained

"Low" to "High," and may also have appeared with "Below Average," "Average," and "Very Strong." Spokeo admits that the "Wealth" section may have contained certain percentages. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 17 of the FAC.

19. Spokeo denies each and every allegation of paragraph 19 of FAC.

20. Spokeo admits that its search results may have yielded publicly-available information entitled "Mortgage Value," "Estimated Income," and "Investments." Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 20 of the FAC.

21. Spokeo admits that searches on its site may yield publicly-available images and corresponding maps. Spokeo admits that searches may yield other publicly-available information for the searched person or someone else like addresses, length of residency, property value, and certain property attributes. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 21 of the FAC.

22. Spokeo lacks information to admit or deny the allegations of paragraph 22 of the FAC, and on that basis denies them.

23. Spokeo admits that the article, "Spokeo Web site raising privacy concerns," http://www.ohio.com/business/93220444.html?mobile=true, represents that Harrison Tang stated, "We know there are a lot of things we need to improve. There are algorithms we can do that we haven't had time to improve the inaccuracies. There's a lot of holes. We know that and we admit that." Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 23 of the FAC.

24. Spokeo admits that it allows persons to remove their listings from spokeo.com. Spokeo admits that it may have responded to some requests for removal with the following statement: "In order to prevent abuse, we must limit

4
DEFENDANT SPOKEO, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. CV-10-5306-ODW (AGRx)

700164411

the frequency of privacy requests. Please try again tomorrow. Government officials please use your @.gov email address for priority processing." Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 24 of the FAC.

25. Spokeo admits that Mr. Tang has removed himself from spokeo.com. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 25 of the FAC.

**Defendant's Marketing of Its Consumer Reports**

26. Spokeo admits that it disclaims the use of its services for any purpose covered under FCRA. Spokeo denies that it marketed its current website to human resource professionals, law enforcement agencies, or persons/entities performing background checks. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 26 of the FAC.

27. Spokeo denies that it marketed its current website to human resource professionals, law enforcement agencies, or persons/entities performing background checks. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 27 of the FAC.

28. Spokeo admits that a list of "Ten Great Uses for Spokeo People Search" was placed on its blog, which list included, "Want to know more about prospective, or current business associates? Let Spokeo free people search lead the way," and "Looking to hire someone, or maybe work for a company? Spokeo free people search is a great research tool to learn more about prospective employers and employees." Spokeo admits that this blog post was later altered. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 28 of the FAC.

29. Spokeo denies each and every allegation of paragraph 29 of FAC.

/ / /

5
DEFENDANT SPOKEO, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. CV-10-5306-ODW (AGRx)

700164411

## FACTS RELATING TO PLAINTIFF

30. Spokeo denies the allegation in paragraph 30 of the FAC that Spokeo maintains a consumer report about Plaintiff. Spokeo is without knowledge or information sufficient to a form a belief as to the truth of the remaining allegations in paragraph 30 of the FAC and, accordingly, denies them.

31. Spokeo denies the allegation in paragraph 31 of the FAC that Spokeo has compiled a consumer report about Plaintiff. Spokeo is without knowledge or information sufficient to a form a belief as to the truth of the remaining allegations in paragraph 31 of the FAC and, accordingly, denies them.

32. Spokeo lacks sufficient basis to admit or deny the allegations in paragraph 32 of the FAC and, accordingly, denies them.

33. Spokeo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the FAC and, accordingly, denies them.

34. Spokeo denies that any information about Plaintiff displayed on spokeo.com caused Plaintiff any harm. Spokeo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the FAC and, accordingly, denies them.

35. Spokeo denies that any information about Plaintiff displayed on spokeo.com caused Plaintiff any harm. Spokeo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the FAC and, accordingly, denies them.

36. Spokeo denies that Plaintiff has lost and continues to lose money as a result of any conduct by Spokeo. Spokeo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the FAC that Plaintiff is unemployed and, accordingly, denies them.

37. Spokeo denies each and every allegation of paragraph 37 of FAC.

## CLASS ALLEGATIONS

38. Spokeo admits that Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of himself and a class of similarly situated individuals defined as the "Class," excluding Spokeo, its legal representatives, assigns, and successors, any entity in which Spokeo has a controlling interest, and the judge to whom the case is assigned and the judge's immediate family. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 38 of the FAC.

39. Spokeo denies that the class consists of millions of individuals. Spokeo neither admits nor denies the remaining allegations of paragraph 39 of the FAC as the remaining statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

40. Spokeo neither admits nor denies the allegations of paragraph 40 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

41. Spokeo neither admits nor denies the allegations of paragraph 41 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

42. Spokeo neither admits nor denies the allegations of paragraph 42 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

43. Spokeo neither admits nor denies the allegations of paragraph 43 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

44. Spokeo neither admits nor denies the allegations of paragraph 44 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

45. Spokeo neither admits nor denies the allegations of paragraph 45 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

46. Spokeo neither admits nor denies the allegations of paragraph 46 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

47. Spokeo admits that Plaintiff purports to reserve the right to revise the foregoing "Class Allegations" based on facts learned in discovery. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 47 of the FAC.

## FIRST CAUSE OF ACTION

## Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e

### (On behalf of Plaintiff and the Class)

48. Spokeo incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

49. Spokeo neither admits nor denies the allegations of paragraph 49 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

50. Spokeo neither admits nor denies the allegations of paragraph 50 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

51. Spokeo denies each and every allegation of paragraph 51 of FAC.

52. Spokeo denies each and every allegation of paragraph 52 of FAC.

53. Spokeo denies each and every allegation of paragraph 53 of FAC.

54. Spokeo denies each and every allegation of paragraph 54 of FAC.

55. Spokeo denies each and every allegation of paragraph 55 of FAC.

56. Spokeo admits that it has disclaimers relating to FCRA. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 56 of the FAC.

57. Spokeo admits that it disclaims the use of its services for any purpose covered under FCRA. Spokeo denies that it marketed its current website to human resource professionals, law enforcement agencies, or persons/entities performing background checks. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 57 of the FAC.

58. Spokeo neither admits nor denies the allegations of paragraph 58 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

59. Spokeo neither admits nor denies the allegations of paragraph 59 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

60. Spokeo neither admits nor denies the allegations of paragraph 60 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

61. Spokeo denies each and every allegation of paragraph 61 of FAC.

62. Spokeo denies each and every allegation of paragraph 62 of FAC.

63. Spokeo neither admits nor denies the allegations of paragraph 63 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

64. Spokeo denies each and every allegation of paragraph 64 of FAC.

65. Spokeo admits that Plaintiff purports to seek an order enjoining Spokeo's conduct described within the FAC and awarding Plaintiff and the Class

maximum statutory damages available under 15 U.S.C. § 1681n. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 65 of the FAC.

## SECOND CAUSE OF ACTION

### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b

### (On behalf of Plaintiff and the Class)

66. Spokeo incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

67. Spokeo neither admits nor denies the allegations of paragraph 67 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

68. Spokeo neither admits nor denies the allegations of paragraph 68 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

69. Spokeo denies that it marketed its current website to human resource professionals, law enforcement agencies, or persons/entities performing background checks. Spokeo further denies the remaining allegations of paragraph 69 of the FAC.

70. Spokeo denies each and every allegation of paragraph 70 of FAC.

71. Spokeo admits that Plaintiff purports to seek an order enjoining Spokeo's conduct described within the FAC and awarding Plaintiff and the Class maximum statutory damages available under 15 U.S.C. § 1681n. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 71 of the FAC.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

## Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681j

### (On behalf of Plaintiff and the Class)

72. Spokeo incorporates by reference paragraphs 1 through 71 as if fully set forth herein.

73. Spokeo denies that it is a nationwide specialty consumer reporting agency and that it is subject to the Streamlined Process Rule. Spokeo neither admits nor denies the remaining allegations of paragraph 73 of the FAC as those statements set forth therein purport to describe legal conclusions and not facts. Accordingly, Spokeo is not required to respond to these conclusions.

74. Spokeo denies each and every allegation of paragraph 74 of FAC.

75. Spokeo admits that Plaintiff purports to seek an order enjoining Spokeo's conduct described within the FAC and awarding Plaintiff and the Class maximum statutory damages available under 15 U.S.C. § 1681n. Except as expressly admitted, Spokeo denies the remaining allegations of paragraph 75 of the FAC.[2]

## PRAYER FOR RELIEF

To the extent not expressly admitted or otherwise answered above, Spokeo denies each and every allegation contained in the FAC. Spokeo further denies that Plaintiff is entitled to any of the relief requested in his prayer for relief.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's claims rather than an element of any affirmative defense, Spokeo alleges the following separate and independent affirmative defenses:

---

[2] The Court dismissed Plaintiff's Fourth Cause of Action; therefore, Spokeo does not answer its allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's FAC and the causes of action alleged therein fail to allege facts sufficient to state a cause of action against Spokeo in that, for example, the information displayed on spokeo.com is protected speech under the First Amendment, and Spokeo is not a "consumer reporting agency," a "nationwide specialty consumer reporting agency," nor does it issue "consumer reports," as defined by FCRA, and thus, Spokeo is not subject to FCRA.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

Plaintiff's claims against Spokeo are barred because Plaintiff has not alleged sufficient injury-in-fact, causation, or redressability for Article III standing.

## THIRD AFFIRMATIVE DEFENSE

### (Immunity Under 47 U.S.C. § 230(c))

Plaintiff's claims against Spokeo are barred by 47 U.S.C. § 230(c) because Spokeo is an interactive computer service immune from liability arising from content created by third parties.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims against Spokeo are barred in whole or in part by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Injunctive and Declaratory Relief Unavailable Under FCRA)

Plaintiff's claims for injunctive and declaratory relief are not maintainable because such relief is not available under FCRA. *See Yasin v. Equifax Info. Servs.*, No. C-08-1234 MMC, 2008WL 2782704, at *2-4 (N.D. Cal. July 16, 2008)

///

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's FAC and the causes of action alleged therein are barred in whole or in part to the extent Plaintiff failed to mitigate his alleged harm, injuries, damages, and/or losses.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening Causes)

All or part of the damages, injuries, and/or losses alleged by Plaintiff were caused by the acts and conduct of other persons, including Plaintiff, which intervened between the acts and conduct of Spokeo and, therefore, the alleged damages, injuries, and/or losses of Plaintiff or any purported class members, if any, are not recoverable from Spokeo. In the alternative, any damage which Plaintiff may be entitled to recover against Spokeo must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities other than Spokeo.

## EIGHTH AFFIRMATIVE DEFENSE

### (Third-Party Conduct)

Spokeo is informed and believes and on that basis alleges that it is not liable for any loss, injury, or damage claimed by Plaintiff because any such loss, injury or damage was caused by the acts or omissions of third parties.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith/Reasonable Commercial Standards)

Spokeo's actions were legally and equitably protected because Spokeo at all times acted in good faith and in accordance with reasonable commercial standards, if, for example, Spokeo reasonably relied on third parties.

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

Plaintiff's claims are not properly maintainable as a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

This case is not appropriate for class action certification to the extent the alleged class is not so numerous that joinder of all members individually is impractical.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Commonality)

This case is not appropriate for class action certification because any facts and law common to the claims are insignificant compared to the individualized issues presented by the claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

This case is not appropriate for class action certification because Plaintiff's claim is not typical of the claims of the alleged class.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Adequate Representation)

This case is not appropriate for class action certification to the extent the purported class representative is not able to fairly and adequately protect the interest of all members of the alleged class.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

This case is not appropriate for class action certification to the extent Plaintiff lacks standing to assert any cause of action against Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

This case is not appropriate for class action certification because class treatment is not superior to other methods of adjudication.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's FAC and the causes of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands if, for example, Plaintiff sought to foment litigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Plaintiff's FAC and the causes of action alleged therein are barred because the violations alleged, assuming such violations occurred, were not intentional but the result of bona fide errors notwithstanding the use of reasonable procedures that Spokeo adopted.

## NINETEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff's FAC and the causes of action alleged therein are barred, in whole or in part, by the free speech rights protected by the First Amendment.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defenses)

Spokeo alleges as an affirmative defense that it intends to rely upon such other applicable defenses as may become apparent at subsequent stages of this action, and hereby reserves the right to assert any such defenses.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that the Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice and order that Plaintiff take nothing;

2. Enter judgment in favor of Spokeo;

3. Award Spokeo its costs incurred defending this action, including reasonable attorneys' fees, to the extent that the FAC or other pleadings are filed in bad faith or for the purposes of harassment, and;

4. Order such other and further relief as the Court may deem proper.

Dated: June 3, 2011

MAYER BROWN LLP
JOHN NADOLENCO
BARRETT L. SCHREINER


By: s/ John Nadolenco
John Nadolenco
Attorneys for Defendant
SPOKEO, INC.

16
DEFENDANT SPOKEO, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. CV-10-5306-ODW (AGRx)

700164411