SEAN REIS - SBN 184044
(sreis@edelson.com)
EDELSON MCGUIRE, LLC
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Fax: (949) 459-2123

RAFEY BALABANIAN (*pro hac vice application forthcoming*)
(rbalabanian@edelson.com)
BRADLEY M. BAGLIEN
(bbaglien@edelson.com)
CHRISTOPHER L. DORE
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

Attorneys for Plaintiff

JOHN NADOLENCO – SBN 181128
(jnadolenco@mayerbrown.com)
BARRETT L. SCHREINER – SBN 266617
(bschreiner@mayerbrown.com)
MAYER BROWN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-5173
Fax: (213) 576-8133

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROBINS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>SPOKEO, INC., a California corporation,<br><br>                    Defendant. | Case No. 2:10-cv-5306-ODW-AGR<br><br>**Parties' Joint Case Management Report Pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1**<br><br>**Hon. Otis D. Wright II** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff Thomas Robins and Defendant Spokeo, Inc. (collectively the "Parties") jointly submit this report of their conference, stating as follows:

**A.     Meeting of Counsel**

The Parties conferred by telephone on June 9, 2011, to discuss the matters required by Fed. R. Civ. P. 26 and L.R. 26-1.

**B.     Nature of the Claims**

Plaintiff alleges, on behalf of himself and the proposed Class, that Defendant operates a website that collects, creates, and disseminates consumer reports in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and other applicable laws.  In particular, Plaintiff claims that Spokeo has developed software that aggregates data about consumers from a wide range of unconfirmed sources, evaluates the data and creates a number of original descriptors, charts, and other content, and displays the reports to the public and paying customers through its website.  Moreover, Plaintiff claims that Spokeo markets its consumer reports to third parties, including potential employers, HR directors, and law enforcement personnel, and encourages such third parties to evaluate consumers based on the information that Defendant reports.  Based on the operation and promotion of its website, Plaintiff alleges that Defendant operates and profits as a consumer reporting agency and, as such, is required to comply with the obligations imposed by FCRA.  At this time, Plaintiff does not anticipate any amendment to his pleadings.

Spokeo operates an online search engine at http://www.spokeo.com, focused on people.  Spokeo asserts that it gathers publicly available information from a variety of sources and aggregates and displays that information in a convenient format for visitors of spokeo.com.  Spokeo asserts that it is not subject to FCRA, as it is not a "consumer reporting agency," and does not issue "consumer reports," as those terms are defined in FRCA.  Moreover, because Spokeo is an interactive service provider that only passively displays content created by third parties, it is

immune from liability under the Communications Decency Act, 47 U.S.C § 230. Furthermore, any information displayed on spokeo.com is non-actionable opinion protected by the First Amendment of the United States Constitution.  Lastly, the claims set forth in Plaintiff's First Amended Complaint are not appropriate for class certification.

Additionally, Spokeo asserts that Plaintiff lacks Article III standing.  Spokeo's first motion to dismiss was granted on this basis, but the Court denied Spokeo's second motion to dismiss on standing grounds.  Thus, on June 17, 2011, Spokeo filed a motion for certification of an appeal under 28 U.S.C. § 1292(b), and for a stay of discovery pending resolution of that appeal.  Spokeo's motion is set for hearing on July 25, 2011.

**C.    Joint Report Regarding Items Listed in Fed. R. Civ. P. 26(f)**

**(1)    Initial Disclosures; Preservation of Discoverable Information, and Discovery Plan**

The Parties have agreed to the form of the Initial Disclosures required under Fed. R. Civ. P. 26(a) and to exchange initial disclosures pursuant to Rule 26(a)(1) on or before July 11, 2011.  The Parties discussed the preservation of discoverable information, including: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the parties; (3) the formats for preservation and production of ESI; (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; and (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence.

The parties will attempt to craft an appropriate protocol governing the production of electronic evidence prior to the initiation of Class discovery and have agreed that entry of a Stipulated Confidentiality Order under Fed. R. Civ. P. 26(c) is appropriate in this case.  Further, Plaintiff intends to serve Defendant with a proposed protocol regarding the discovery, maintenance and disclosure of

electronically stored information for coordinated and consolidated production. Finally, by letter dated July 26, 2010, Plaintiff served Defendant with a notice of preservation.

The Parties have agreed to and propose, subject to Court approval, the following pre-class certification discovery schedule:

1. The Parties will have six (6) months to complete class discovery, and merits discovery will proceed after the Court rules on Plaintiff's Motion for Class Certification. Thus, class-related discovery will close on December 31, 2011.

2. Plaintiff's Motion for Class Certification shall be filed on or before January 31, 2011.

3. Spokeo's Opposition to Plaintiff's Motion for Class Certification shall be filed on or before March 9, 2012. The Parties have agreed to an extended briefing schedule to allow sufficient time for Spokeo to depose any declarants, including experts, relied upon in support of Plaintiff's class certification motion.

4. Plaintiff's Reply in support of class certification shall be filed on or before April 13, 2012. The Parties have agreed to an extended briefing schedule to allow sufficient time for Plaintiff to depose any declarants, including experts, relied upon in support of Spokeo's Opposition to Plaintiff's class certification motion.

5. The hearing on Plaintiff's motion for class certification will be on April 30, 2012.

6. The Parties will hold an additional 26(f) conference following the Court's ruling on Plaintiff's Motion for Class Certification to establish a time period for merits discovery.

7. If, pursuant to Spokeo's Motion to Certify the May 11, 2011 Order for Interlocutory Appeal and Stay Action Pursuant to 28

U.S.C. § 1292(b), the Court grants a stay in this case, the above dates shall be vacated and reset if the stay is lifted.

**(2)     Law and Motion Matters**

In compliance with Local Rule 23-3, Plaintiff filed a Motion for Class Certification on November 4, 2010.  Plaintiff has agreed to file a stipulation to withdraw said motion as soon as practicable and will submit a complete memorandum of law in support of his motion for class certification in compliance with the discovery plan above.

On June 17, 2011, Spokeo filed its Motion to Certify the May 11, 2011 Order for Interlocutory Appeal and Stay Action Pursuant to 28 U.S.C. § 1292(b), which is set for hearing on July 25, 2011.

The Parties will engage in additional discussions regarding law and motion matters during the additional 26(f) conference following the Court's ruling on Plaintiff's Motion for Class Certification.

**(3)     Severance, Bifurcation, and Other Ordering of Proof Issues**

Defendant has proposed to bifurcate discovery between class and merits based issues, with only class discovery proceeding until Plaintiff's motion for class certification is ruled upon.  Following a ruling on Plaintiff's motion for class certification, the Parties would then proceed to with discovery on the merits for a period of time.  Plaintiff has no objection to such a proposal. The Parties understand that there is often overlap between merits and certification issues, and the Parties have committed to meet and confer to resolve any discovery disputes prior to seeking court intervention.

**(4)     Rules Limiting Discovery**

The Parties have agreed to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules of this Court, without prejudice to their ability to seek a modification of those rules if necessary at a future point in time.

**(5) Other Issues**

Currently, a related case, *Purcell v. Spokeo, Inc.*, Case No. CV-10-03978 HRL is pending in the Northern District of California. The gravamen of that putative class action is that Spokeo allegedly violated FCRA, by publishing "consumer reports" without following required provisions of the FCRA, and violated Illinois' Uniform Deceptive Trade Practices Act, ILSC § 510/1 *et seq.*, by the same conduct. Spokeo has filed a motion to transfer *Purcell* to the Central District of California. Briefing is completed on that motion, and the court has deemed the motion suitable for determination without oral argument and vacated the hearing. The parties in that action are currently awaiting the court's decision. If the court were to order *Purcell* transferred to the Central District, Spokeo believes that it should be related and consolidated with the instant action.

The Parties are not aware of any other existing issues affecting the status or management of the case.

**D. Additional Joint Report Regarding Items Listed in L.R. 26-1**

**(1) Complex Case**

The Parties agree at this time that the Manual for Complex Litigation need not be utilized.

**(2) Settlement Matters**

The Parties previously engaged in early settlement discussions, but were unable to reach a settlement. Pursuant to L.R. 26-1, the Parties discussed the possibility of settlement and agreed that they are willing to participate in court-mandated settlement discussions. Plaintiff is also willing to engage in private mediation but at this time, Defendant is not.

The parties are willing to participate in a court-mandated settlement procedure, pursuant to L.R. 16-15.1. Out of the options provided by L.R. 16-15.4, Defendant prefers settlement procedure no. 1: a settlement conference before the magistrate or district judge assigned to the case.

**(3)   Trial Length and Date of Final Pretrial Conference and Trial**

The Parties agreed that the length of trial in this matter and the relevant trial dates will depend on the Court's ruling on Plaintiff's motion for class certification. Accordingly, the Parties have agreed to defer setting a date for the final pretrial conference, trial, and determining trial length pending a ruling on class certification.

Plaintiff has demanded a jury trial.

**(4)   Other Parties**

The Parties do not anticipate the addition of other parties.

Dated:  June 23, 2011

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| THOMAS ROBINS, individually and on behalf of a class of similarly situated individuals, | SPOKEO, INC. |
| _s/ Sean Reis_<br>SEAN REIS<br>(sreis@edelson.com)<br>EDELSON MCGUIRE, LLC<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688<br>Telephone: (949) 459-2124<br>Fax: (949) 459-2123<br><br>RAFEY BALABANIAN (*pro hac vice application forthcoming*)<br>(rbalabanian@edelson.com)<br>BRADLEY M. BAGLIEN<br>(bbaglien@edelson.com)<br>CHRISTOPHER L. DORE<br>(cdore@edelson.com)<br>EDELSON MCGUIRE LLC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Telephone: (312) 589-6370<br>Fax: (312) 589-6378<br><br>Attorneys for Plaintiff,<br>THOMAS ROBINS | _s/ John Nadolenco_<br>JOHN NADOLENCO<br>(jnadolenco@mayerbrown.com)<br>BARRETT L. SCHREINER<br>(bschreiner@mayerbrown.com)<br>MAYER BROWN LLP<br>350 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-9500<br>Fax: (213) 576-0248<br><br>Attorneys for Defendant,<br>SPOKEO, INC. |