1   SEAN REIS (sreis@edelson.com) - SBN 184044
    EDELSON MCGUIRE, LLP
2   30021 Tomas Street, Suite 300
    Rancho Santa Margarita, California 92688
3   Telephone:  (949) 459-2124
4   Facsimile:  (949) 459-2123

5
    RAFEY BALABANIAN (rbalabanian@edelson.com)
6   BRADLEY BAGLIEN (bbaglien@edelson.com)
7   EDELSON MCGUIRE, LLC
    350 North LaSalle Street, Suite 1300
8   Chicago, Illinois 60654
9   Telephone: (312) 589-6370
    Facsimile: (312) 589-6378
10

11  *Attorneys for Plaintiff* THOMAS ROBINS

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14                   **WESTERN DIVISION**

15  THOMAS ROBINS, an individual, on      ) Case No. 10-CV-5306 ODW (AGRx)
16  behalf of himself and all others similarly )
    situated,                              ) **PLAINTIFF'S OPPOSITION TO**
17                                         ) **DEFENDANT'S MOTION TO**
                                           ) **CERTIFY THE MAY 11, 2011**
18                    Plaintiff,           ) **ORDER FOR INTERLOCUTORY**
19                                         ) **APPEAL AND STAY ACTION**
    v.                                     ) **PURSUANT TO 28 U.S.C. § 1292(b)**
20                                         )
    SPOKEO, INC., a California             )
21  corporation,                          )
                                           )
22                                         ) Judge Otis D. Wright II
                     Defendant.            )
23                                         ) Date:  Monday, August 8, 2011
24                                         ) Time:  1:30 p.m.
                                           ) Location:  Courtroom 11
25                                         ) Action Filed:  July 20, 2010
26  _____       )

27

28  Plaintiff's Opposition to Defendant's Motion        i                10-CV-5306-ODW (AGRx)
    To Certify the May 11, 2011 Order for
    Interlocutory Appeal

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................1

II.  FACTUAL BACKGROUND...................................................................2

III. ARGUMENT ........................................................................................4

   A.  The Order Denying Dismissal Does not Involve a Controlling Question of Law............................................................................................................5

   B.  There is No Substantial Ground for Difference in Opinion Regarding Standing .........................................................................................................7

      1.  There is No Difference of Opinion Regarding Whether Plaintiff has Adequately Pleaded Injury-in-Fact Under FCRA .........................9

      2.  There is No Difference of Opinion Regarding Whether Plaintiff has Adequately Pleaded Causation and Redressability.......................12

   C.  Immediate Appeal of the Court's May 11, 2011 Order is Unnecessary to Advance the Ultimate Termination of the Litigation...........................13

   D.  Proceedings Should Not Be Stayed Pending the Ninth Circuit's Resolution of the Certification Petition........................................................14

IV.  CONCLUSION ...................................................................................15

Plaintiff's Opposition to Defendant's Motion
To Certify the May 11, 2011 Order for
Interlocutory Appeal

ii

10-CV-5306-ODW (AGRx)

1

# TABLE OF AUTHORITIES

2

**CASES**

3

4

*Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674 (7th Cir. 2000).................................................................................................... 6

5

6

*Alps S., LLC v. Ohio Willow Wood Co.*, 08-CV-1893T33TGW, 2010 WL 2293286 (M.D. Fla. June 8, 2010) ................................................................. 7

7

8

*American Federation of Government Employees v. Clinton*, 180 F.3d 727 (6th Cir. 1999)................................................................................................11-13

9

10

*Assoc. of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 1081 (E.D. Cal. 2008)................................................................................................... 15

11

*Botefur v. City of Eagle Point, Oregon*, 7 F.3d 152 (9th Cir. 1993) ......................... 11

12

*Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570 (1st Cir. 2004) .................... 4

13

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) ...................................... 4, 5, 14

14

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010)........................................... 5, 8

15

16

*Couch v. Wan*, No. CV 08-1621, 2010 WL 3582519 (E.D. Cal. Sept. 10, 2010)...... 11

17

*Day v. Kaiser Aluminum & Chemical Corp.*, 905 F.2d 1540 (9th Cir. 1990).............. 7

18

*Doe v. Unocal Corp.*, 67 F. Supp. 2d 1140 (C.D. Cal. 1999).................................... 13

19

*Edwards v. First American Corp.*, 610 F.3d 514 (9th Cir. 2010).....................9-10, 14

20

*Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107 (9th Cir. 2002) .... 6

21

*Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972)............................................ 15

22

23

*Fulfillment Services Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614 (9th Cir. 2008) .. 9

24

*Grand Lodge of Pennsylvania v. Peters*, No. 07-CV-479, 2008 WL 2790237 (M.D. Fla. July 18, 2008)................................................................................... 7

25

26

*Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2003)...................................................... 11

27

*In re Carter*, 533 F.3d 919 (6th Cir. 2009)............................................................... 10

28

Plaintiff's Opposition to Defendant's Motion
To Certify the May 11, 2011 Order for
Interlocutory Appeal

iii

10-CV-5306-ODW (AGRx)

*In re Cement Antitrust Litigation*, 673 F.2d 1020 (9th Cir. 1982) .............................. 4

*In re Static Random Access Memory (SRAM) Antitrust Litigation*, 07-MD-01819, 2011 WL 250317 (N.D. Cal. Jan. 25, 2011) ...................................................... 6

*Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) ........................................... 10

*McFarlin v. Conesco Services, LLC*, 381 F.3d 1251 (11th Cir. 2004)..................4-5, 8

*Radack v. U.S. Dept. of Justice*, No. 04-01881, 2006 WL 2024978 (D.D.C. Jul. 17, 2006)........................................................................................ 11

*Simons v. Akanno*, No. 09 CV 00659, 2011 WL 1566583 (E.D. Cal. Apr. 22, 2011) . 4

*Sisley v. Sprint Communications Co.*, 284 Fed. Appx. 463 (9th Cir. 2008)............9-10

*Warth v. Seldin*, 422 U.S. 490 (1975)..................................................9-10

*Weber v. U.S. Trustee*, 484 F.3d 154 (2d Cir. 2007) ..................................... 4

## STATUTES

15 U.S.C. §§ 1681 *et seq* ...............................................................3, 10-11

28 U.S.C. § 1292 .......................................................................... passim

## OTHER AUTHORITIES

Howard B. Eisenberg & Alan B. Morrison, *Discretionary Appellate Review of Non-Final Orders: It's Time to Change the Rules*, 1 J. App. Prac. & Process 285 (1999) ........................................................................................ 14

Plaintiff's Opposition to Defendant's Motion    iv    10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

# I.   INTRODUCTION

In its May 11, 2011 order denying Defendant Spokeo's Motion to Dismiss, this Court correctly concluded that Plaintiff has standing to maintain this action because Plaintiff alleged an injury in fact – "the marketing of inaccurate consumer reporting information about Plaintiff" – that "is fairly traceable to Defendant's conduct – alleged FCRA violations."  May 11, 2011 Minute Order (the "Order"), Dkt. No. 52 at 3.  The Court's decision was in line with well-established Ninth Circuit and Supreme Court precedent establishing that a plaintiff has Article III standing when he asserts a violation of his federal statutory rights.  In the time since the Court issued the Order, Defendant has answered the First Amended Complaint and the Parties have agreed on a proposed schedule for Class discovery and briefing on Plaintiff's motion for class certification.

Spokeo now seeks to halt the progress of this litigation by asking for permission to appeal this Court's Order to the Ninth Circuit Court of Appeals. Spokeo's request for certification should be rejected because this is not the "exceptional" and "extraordinary" circumstance for which section 1292(b) review is appropriate.  In particular, Spokeo's request should be denied because Defendant improperly seeks interlocutory review of a mixed question of law and fact, and because the Ninth Circuit has provided clear direction on the applicable controlling law so as to leave no legitimate argument that Plaintiff does not have standing to pursue his claims against Spokeo.  As a result, granting Spokeo's motion would be contrary to the purposes of section 1292(b) because it would delay, rather than expedite, the ultimate resolution of this case.

Accordingly, Spokeo cannot meet its substantial burden in establishing that the requirements of § 1292(b) have been met, and this Court should deny Spokeo's request for an interlocutory appeal in its entirety.

Plaintiff's Opposition to Defendant's Motion          10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

## II.    FACTUAL BACKGROUND

Defendant is the operator of the website Spokeo.com, which provides in-depth consumer reports containing highly detailed, personal information about millions of individuals.  (FAC ¶ 2) (Dkt. No. 40).  Defendant's website is supported by software that allows it to quickly collect, process and organize consumer data from a wide range of sources, and then to display conclusions and predictions based on inferences from that data.  (*Id.* ¶¶ 3, 11-13.)

Spokeo purportedly draws information from numerous public, undisclosed sources and aggregates this data into detailed individual reports about consumers. Among the information provided by Defendant's reports are numerous pieces of data that bear on a consumer's financial well being and personal reputation and character, including an address, phone number, employment information, and descriptors such as "seeks opportunity," "cares about healthy living," and "loves to read."  (*Id.* at ¶¶ 16-17)  In addition to the extensive demographic information that Spokeo provides, its reports include detailed information about consumers' economic wealth and purported creditworthiness, including a chart reporting the consumer's "Economic Health" (formerly titled "Credit Estimate") and an estimate of the consumer's "Wealth Level."  (*Id.* ¶¶ 18-20)  These financial determinations and representations are created independently by Spokeo and are not available from sources other than Defendant's website.  (*Id.*)

At Defendant's own admission, a significant portion of the information included in its consumer reports is wholly inaccurate.  (*Id.* ¶ 22.)  Despite these known inaccuracies, Spokeo has marketed its services directly to employers, human resource professionals, law enforcement agencies, and entities performing background checks as a means to investigate consumers.  (*Id.* ¶¶ 26-29.)  These individuals and entities pay a fee to subscribe to Spokeo's services and view full reports that include, among other things, the consumer's "economic health" and

Plaintiff's Opposition to Defendant's Motion          2                    10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

1    "credit estimate" assessments as well as numerous descriptors about the consumer's

2    lifestyle and personal reputation.

3          Based on Spokeo's conduct of collecting, evaluating and analyzing consumer

4    credit information, and its marketing of such information to third parties for a fee,

5    Plaintiff brought this action against Spokeo for violations of the Fair Credit Reporting

6    Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").   On January 27, 2011, this Court dismissed

7    Plaintiff's claims without prejudice, finding that the facts alleged in Plaintiff's initial

8    complaint did not establish that Plaintiff had the requisite Article III standing.

9          Plaintiff timely filed an amended complaint, which provided additional detail

10   regarding Spokeo's compilation, creation, and marketing of consumer reports and

11   how such conduct violated Plaintiff's rights under FCRA, caused harm to Plaintiff's

12   employment prospects, and caused Plaintiff to suffer anxiety and concern as a result

13   of his diminished employment prospects.

14         Based on Plaintiff's amended allegations, the Court denied Spokeo's second

15   Motion to Dismiss, concluding that Plaintiff properly alleged sufficient facts to

16   confer Article III standing and to state a claim under FCRA.   (Dkt. No. 52).   With

17   respect to standing, the Court found that: "Specifically, Plaintiff has alleged an injury

18   in fact – the 'marketing of inaccurate consumer reporting information about Plaintiff'

19   – that is fairly traceable to Defendant's conduct – alleged FCRA violations – and that

20   is likely to be redressed by a favorable decision from this Court."   Order at 3.

21         On June 3, 2011, Spokeo answered Plaintiff's First Amended Complaint and

22   asserted a number of affirmative defenses.   On June 9, 2011, the Parties participated

23   in a Rule 26(f) conference and agreed on a proposed discovery schedule and briefing

24   schedule for Plaintiff's Motion for Class Certification.   (*See* Parties Joint 26(f)

25   Report; Dkt. No. 59.)   On June 17, 2011, Spokeo filed the instant Motion to Certify

26   the Court's May 11, 2011 Order for Interlocutory Appeal, challenging the Court's

27   finding of Article III standing.

28   Plaintiff's Opposition to Defendant's Motion          3          10-CV-5306-ODW (AGRx)
     To Certify the May 11, 2011 Order for
     Interlocutory Appeal

### III.   ARGUMENT

Defendant has failed to meet the substantial burden required to justify an interlocutory appeal of this Court's finding that Plaintiff has Article III standing. Pursuant to 28 U.S.C. § 1292(b), district courts have discretion to allow an interlocutory appeal of a non-final order only if (1) the order involves a controlling question of law; (2) the question of law involves a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Appeals under § 1292(b) are exceedingly rare.  The Ninth Circuit has made clear that district courts should certify interlocutory appeals "sparingly," and only in cases presenting "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Interlocutory appeals depart from "basic" policies of appellate procedure, which typically "postpone[e] appellate review until after the entry of a final judgment." *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

Given the Ninth Circuit's narrow "exceptional circumstances" standard, interlocutory appeals granted under § 1292(b) are "hen's teeth rare." *Simons v. Akanno*, No. 09 CV 00659, 2011 WL 1566583 at *2 (E.D. Cal. Apr. 22, 2011) (citing *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004).  *See also McFarlin v. Conesco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy"); *Weber v. U.S. Trustee*, 484 F.3d 154, 159, n. 3 (2d Cir. 2007) ("Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function").

The party seeking review of the nonfinal order must first obtain the consent of the trial judge, a screening procedure that ensures that such an extraordinary measure

Plaintiff's Opposition to Defendant's Motion
To Certify the May 11, 2011 Order for
Interlocutory Appeal                                4                    10-CV-5306-ODW (AGRx)

1  will be confined only to appropriate cases and avoid time-consuming jurisdictional

2  determinations in the court of appeals. *Coopers & Lybrand*, 437 U.S. at 474-75. The

3  party seeking an interlocutory appeal bears the burden of establishing that such

4  atypical relief is warranted. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir.

5  2010).

6       Here, each of the § 1292(b) factors counsels against certifying the Court's

7  Order for immediate review. Accordingly, and as explained fully below, Spokeo

8  cannot demonstrate that "exceptional circumstances" exist to warrant an interlocutory

9  appeal.

10      **A.    The Order Denying Dismissal Does not Involve a Controlling
               Question of Law**

11

12      Contrary to Spokeo's argument, the question of Plaintiff's standing is not a

13  "controlling issue of law" for purposes of the Court's § 1292(b) analysis. In

14  particular, Spokeo challenges the factual basis underlying the Court's ruling, arguing

15  that Plaintiff "cannot allege that Spokeo marketed to HR professionals the version of

16  its search engine that is at issue in this case." But by framing its attack as a factual

17  challenge to the Court's order, Spokeo itself demonstrates why the issue of Plaintiff's

18  standing is not a "controlling question of law" appropriate for interlocutory review.

19      Appeals under § 1292(b) are reserved for "situations in which the court of

20  appeals can rule on a pure, controlling question of law without having to delve

21  beyond the surface of the record in order to determine the facts," and requires that

22  "resolution of a controlling legal question would serve to avoid a trial or otherwise

23  substantially shorten trial. *Simmons* 2011 WL 1566583 at *3 (citing *McFarlin*, 381

24  F.3d at 1259). The purpose of §1292(b) is to act as a "safety valve for serious legal

25  questions taking the case out of the ordinary run." *Estate of Kennedy v. Bell*

26  *Helicopter Textron, Inc.,* 283 F.3d 1107, 1116 (9th Cir. 2002).

27

28  Plaintiff's Opposition to Defendant's Motion          5          10-CV-5306-ODW (AGRx)
    To Certify the May 11, 2011 Order for
    Interlocutory Appeal

1   Mixed questions of law and fact or challenges to a court's factual findings are

2   not controlling questions of law appropriate for interlocutory review. The term

3   "question of law" does not mean the mere application of settled law to fact; instead,

4   "[t]he legal question must be stated at a high enough level of abstraction to lift the

5   question out of the details of the evidence or facts of a particular case and give it

6   general relevance to other cases in the same area of law." *Simmons* 2011 WL

7   1566583 at *3 (quoting *Ahrenholz v. Board of Trustees of the University of Illinois*,

8   219 F.3d 674, 676 (7th Cir.2000)) "The antithesis of a proper § 1292(b) appeal is one

9   that turns on whether there is a genuine issue of fact, or whether the district court

10  properly applied settled law to the facts." *Simmons*, 2011 WL 1566583 at *3 (finding

11  that plaintiff's challenge to the court's application of Fed. R. Civ. P. 8 to plaintiff's

12  factual allegations was not a controlling question of law); *see also Ahrenholz*, 219

13  F.3d at 576 (noting that "question of law means an abstract legal issue" rather than a

14  factual challenge). In fact, if an issue is truly a "question of law," it will not require a

15  reviewing court to "root through the record" searching for genuine issues of fact, but

16  rather the court can decide the question "quickly and cleanly without having to study

17  the record." *Id.* "While courts have certified for interlocutory appeal orders deciding

18  standing, the mere existence of the standing issue, alone, has not prompted courts to

19  grant certification." *In re Static Random Access Memory (SRAM) Antitrust*

20  *Litigation*, 07-MD-01819, 2011 WL 250317 at *2 (N.D. Cal. Jan. 25, 2011).

21  Here, Spokeo seeks certification to challenge the Court's finding that Plaintiff

22  adequately alleged injury in fact based on Defendant's "marketing of inaccurate

23  consumer information about Plaintiff." But Spokeo frames its challenge to Plaintiff's

24  standing in large part on a factual dispute – that Plaintiff cannot allege facts

25  establishing that Spokeo marketed the current version of its reports to employers, HR

26  professionals, and other third parties. (Spokeo Mem. at 1, 7). Thus, Defendant

27  essentially challenges the Court's factual basis underlying its determination that

28   Plaintiff's Opposition to Defendant's Motion        6              10-CV-5306-ODW (AGRx)
     To Certify the May 11, 2011 Order for
     Interlocutory Appeal

Plaintiff has Article III standing – a challenge that presents a mixed question of law and fact, and not a pure "controlling issue of law" as required by § 1292(b).  Such questions are inappropriate for interlocutory review, and Spokeo's request should be denied on this basis alone.  *See Day v. Kaiser Aluminum & Chemical Corp.*, 905 F.2d 1540 (9th Cir. 1990) (noting that the court was likely to exercise its discretion and deny interlocutory appeals that presented "primarily questions of fact and not controlling questions of law"); *Alps S., LLC v. Ohio Willow Wood Co.*, 08-CV-1893T33TGW, 2010 WL 2293286 (M.D. Fla. June 8, 2010) (where the court determined that a patent license agreement conferred standing on the plaintiff to sue for patent infringement, defendant's argument that the agreement did not in fact transfer sufficient rights necessary to grant standing was not appropriate for interlocutory review because the proposed question challenged the court's application of facts to settled law); *Grand Lodge of Pennsylvania v. Peters*, No. 07-CV-479, 2008 WL 2790237 (M.D. Fla. July 18, 2008) (defendant's challenge to the court's finding that an investment advisor had standing to sue on behalf of its clients was not a controlling question of law because it required the court to "consider and apply the allegations and facts to the law").

Accordingly, because Spokeo's challenge to the Court's Order does not involve a controlling question of law, the request for interlocutory review should be denied.

## B.    There is No Substantial Ground for Difference in Opinion Regarding Standing

Similarly, Defendant's claim that "substantial ground for difference of opinion" exists regarding Plaintiff's standing is without merit.  To determine whether "substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear."  *Couch*, 611 F.3d at 633.

Plaintiff's Opposition to Defendant's Motion           7                    10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

Examples of when a substantial ground for difference of opinion exists include: when the circuits are in dispute and the court of appeals has not spoken on the point, when foreign law has given rise to complicated questions, or when novel or difficult questions of first impression are at issue. *Id.* at 633-34; *see also McFarlin*, 381 F.3d at 1259 ("In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed").

However, "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch*, 611 F.3d at 633. Similarly, "that settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* "[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* at 633-34. Section 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion. *McFarlin*, 381 F.3 at 1256.

Here, Spokeo can demonstrate nothing more than its disagreement with the Court's ruling that Plaintiff has Article III standing. In an effort to create the appearance of uncertainty, Spokeo attempts to craft the issue of Plaintiff's standing in exceptionally narrow – and inaccurate – terms. *See* Spokeo Mem. (Dkt. No. 58) at 6 ("Whether an unemployed plaintiff has adequately pleaded injury-in-fact by alleging only that an Internet search engine may compile inaccurate, publicly-available information bout him from other sources is one of first impression in the Ninth Circuit"). Leaving aside the fact that Defendant's proposed fact-intensive question presents an issue inappropriate for interlocutory appeal, Spokeo's formulation mischaracterizes the issue that it could potentially seek to challenge on appeal. Put simply, the issue presented by the Court's ruling – whether a Plaintiff has Article III standing when he has properly pleaded a violation of his statutory rights – has been

Plaintiff's Opposition to Defendant's Motion   8   10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

1  unequivocally answered in the affirmative by the Ninth Circuit.  *See Edwards v. First*

2  *American Corp.*, 610 F.3d 514, 516-17 (9th Cir. 2010); *Sisley v. Sprint*

3  *Communications Co.*, 284 Fed. Appx. 463, 466 (9th Cir. 2008); *Fulfillment Services*

4  *Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 618-19 (9th Cir. 2007).  Because the

5  overwhelming weight of authority supports the Court's May 11, 2011 Order, Spokeo

6  cannot demonstrate that a substantial ground for a difference of opinion exists to

7  warrant interlocutory appeal.

8      **1.    There is No Difference of Opinion Regarding Whether**
       **Plaintiff has Adequately Pleaded Injury-in-Fact Under FCRA**
9

10      As this Court properly determined, Plaintiff adequately alleged injury in fact in

11  the form of "the marketing of inaccurate consumer reporting information about

12  Plaintiff" – conduct that caused Plaintiff concrete, actual harm and itself violated

13  FCRA.  Outside of unsupported, conclusory statements, Spokeo offers no authority

14  that brings the Court's ruling into question, much less demonstrates the existence of a

15  substantial ground for difference of opinion.

16      The standing issue presented in this case is not one of "first impression" within

17  the Ninth Circuit, nor have courts within this Circuit applied the applicable legal

18  standards inconsistently.  Rather, it is well-established that "the injury required by

19  Article III may exist *solely* by virtue of statutes creating legal rights, the invasion of

20  which creates standing . . ."  *Fulfillment Services Inc.*, 528 F.3d at 618-19 (citing

21  *Warth v. Seldin*, 422 U.S. 490, 500 (1975)); *see also Linda R.S. v. Richard D.*, 410

22  U.S. 614, 617, fn 3 (1973) ("Congress may enact statutes creating legal rights, the

23  invasion of which creates standing, *even though no injury would exist without the*

24  *statute*") (emphasis added); *Sisley*, 284 Fed. Appx. at 466 (reversing dismissal of

25  statutory claim "for lack of cognizable injury" because "[the plaintiff] alleged a

26  violation of her state statutory rights which can constitute a cognizable injury

27

28  Plaintiff's Opposition to Defendant's Motion        9            10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

sufficient to withstand a Rule 12(b)(1) motion").

In these instances, courts are clear that the essential standing question is whether the "constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth*, 422 U.S. at 500; *see also In re Carter*, 533 F.3d 919, 988 (6th Cir. 2009) ("Congress no doubt has the power to create new legal rights, and it generally has the authority to create a right of action whose only injury-in-fact involves the violation of that statutory right."). The court must look to the underlying statute "to determine whether it prohibited Defendants' conduct; if it did, then Plaintiff has demonstrated an injury sufficient to satisfy Article III." *Edwards*, 610 F.3d at 516-17. The Ninth Circuit has made clear that FCRA creates a set of individual rights and provides for a private right of action for consumers such as Plaintiff by which to vindicate those rights. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (citing 15 U.S.C. § 1681n & 15 U.S.C. § 1681o). Here, Plaintiff alleges detailed facts demonstrating that Spokeo willfully violated FCRA by widely disseminating consumer reports about Plaintiff without complying with certain notice requirements and ensuring the maximum possible accuracy of the information, thereby violating Plaintiff's statutory rights. (FAC ¶¶ 48-65.)

Specifically, Plaintiff has alleged that Spokeo compiles, creates, and markets consumer reporting information about Plaintiff to third parties for profit, bringing Spokeo within the purview of FCRA. (FAC ¶¶ 1, 35, 65.) However, Spokeo has continually failed to provide Furnisher Notices and User Notices as explicitly required of consumer reporting agencies by FCRA. (*Id.* ¶¶ 58-62; citing 15 U.S.C. 1681e(d)(1)-e(d)(2).) Moreover, Spokeo has continually failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer credit information that it provides, as required by 15 U.S.C. 1691e(b). (FAC ¶¶ 63-64.) In short, Plaintiff alleges that Spokeo has systematically failed to adhere to the requirements imposed upon consumer reporting

Plaintiff's Opposition to Defendant's Motion                    10                        10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

1   agencies in violation of FCRA.  (*Id.* ¶¶ 58-64.)  These allegations demonstrate that

2   Plaintiff has suffered injury in fact sufficient to confer Article III standing under

3   well-established, uncontroverted Ninth Circuit and Supreme Court precedent.

4          Spokeo cites a single Sixth Circuit case in an attempt to create the appearance

5   of a legal conflict with the Court's Order.  *See American Federation of Government*

6   *Employees v. Clinton*, 180 F.3d 727 (6th Cir. 1999) ("*AFGE*").  In *AFGE*, the Sixth

7   Circuit found that alleged harm to the plaintiffs' employment prospects was

8   insufficiently concrete and particularized to establishing standing.[1]  While Plaintiff

9   has demonstrated that several courts, including the Ninth Circuit, have found that

10  harm to employment prospects provides sufficient grounds for standing, Spokeo's

11  argument improperly presumes that the Court's ruling was dependent on a finding of

12  actual harm to Plaintiff's employment prospects.  It was not.  In contrast to *AFGE*,

13  the Court here determined that Plaintiff has standing based on Spokeo's marketing of

14  inaccurate consumer reporting information and Defendant's alleged FCRA

15  violations.  In other words, the Court's ruling was premised on Spokeo's marketing

16  of consumer reports and resulting statutory violations, and not solely on alleged harm

17  to Plaintiff's employment prospects.  In contrast, the plaintiffs in *AFGE* were not

18  seeking statutory damages or relief under FCRA or any other federal statute.  For

19  these reasons, *AFGE* has no bearing on the Court's ruling and does not establish that

20  substantial ground for difference of opinion exists with respect to Plaintiff's standing.

---

[1] As Plaintiff established in its Opposition to Spokeo's Motion to Dismiss, *AFGE* is distinguishable because the harm to the plaintiffs' employment prospects therein was contingent on further actions beyond the defendant's control, whereas Plaintiff Robins' harm had already occurred as a result of Spokeo's marketing of consumer reports.  Moreover, numerous courts, including the Ninth Circuit, have found that an impairment of employment prospects is a sufficient injury to confer standing. *See Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2003); *Botefur v. City of Eagle Point, Oregon*, 7 F.3d 152, 158 (9th Cir. 1993); *Couch v. Wan*, No. CV 08-1621, 2010 WL 3582519, at *19 (E.D. Cal. Sept. 10, 2010); *Radack v. U.S. Dept. of Justice*, No. 04-01881, 2006 WL 2024978, at *3, fn. 3 (D.D.C. Jul. 17, 2006).

28  Plaintiff's Opposition to Defendant's Motion         11         10-CV-5306-ODW (AGRx)
    To Certify the May 11, 2011 Order for
    Interlocutory Appeal

In the end, Spokeo reasserts its fact-based contention that Plaintiff "cannot allege that Spokeo marketed to HR professionals the version of its search engine that is at issue in this case." Not only does Spokeo's assertion flatly contradict well-pleaded facts from Plaintiff's complaint (FAC ¶¶ 26-29), but Spokeo's attack on the factual basis underlying the Court's finding of injury in fact necessarily makes the question inappropriate for interlocutory appeal. Such factual disputes do not provide "substantial ground for difference of opinion" on the *controlling law* supporting the Court's Order, which Plaintiff has demonstrated is clear and uncontroverted. As a result, Spokeo has failed to demonstrate that there is any difference of opinion as to whether Plaintiff has Article III standing.

### 2. There is No Difference of Opinion Regarding Whether Plaintiff has Adequately Pleaded Causation and Redressability

Defendant similarly relies solely on *AFGE* in an attempt to demonstrate a conflict with the Court's finding that Plaintiff's injuries were traceable to Spokeo's conduct. But Spokeo's argument is unavailing because it again improperly assumes that the sole injury-in-fact that Plaintiff claims is his continued unemployment. But as this Court properly held, Plaintiff's injury in fact – the marketing of consumer reporting information – was directly traceable to Spokeo's conduct of violating FCRA. Spokeo's marketing of Plaintiff's information and failure to comply with FCRA is attributable to Spokeo alone, such that the resulting harm to Plaintiff from these actions is traceable to Spokeo alone. Spokeo simply cannot identify any authority to the contrary that would justify an immediate appeal.

Similarly, Spokeo identifies no authority that brings the Court's finding of redressability into question. Relying solely on *AFGE*, Spokeo argues that Plaintiff's injuries are not likely to be redressed by a favorable decision against Defendant because Plaintiff could remain unemployed even if the "publicly available"

Plaintiff's Opposition to Defendant's Motion        12                10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

information about Plaintiff was removed or made entirely correct on Spokeo's website. Spokeo's argument and reliance on *AFGE* misses two key points.

First, because Plaintiff's FCRA claims stem from Spokeo's creation of independent content and Defendant's marketing of consumer reports – conduct entirely within Spokeo's control and not available from any independent source – a court order ending these practices would properly redress the injuries caused by Defendant's FCRA violations. Second, Spokeo improperly presumes that Plaintiff's injuries may be redressed solely through his securing new employment. However, Spokeo ignores the fact that Plaintiff seeks actual and statutory damages (as provided by FCRA), erasing any serious questions regarding redressability. Because Plaintiff's past injuries would be adequately redressed by a favorable judgment awarding money damages, Spokeo's argument regarding redressability is without merit. *See, e.g., Doe v. Unocal Corp.*, 67 F. Supp. 2d 1140, 1145, n.3 (C.D. Cal. 1999) (finding that "any question regarding the redressability of equitable relief is cured by plaintiff's request for money damages").

## C. Immediate Appeal of the Court's May 11, 2011 Order is Unnecessary to Advance the Ultimate Termination of the Litigation

An interlocutory appeal is appropriate only when it would conserve judicial resources and spare the parties from needless expense should a district court's ruling be reversed. *APCC Services, Inc.*, 297 F. Supp. 2d at 109. Moreover, an issue may be certified when "[r]esolution of [a] question would also assist many other courts in resolving similar disputes." *Id.* Certification here would accomplish neither goal, as the Ninth Circuit has offered this and other courts considerable direction on Article III standing in this context and would be bound by established precedent to affirm the Court's May 11, 2011 Order.

As Plaintiff has demonstrated herein, the question that Spokeo proposes to certify for appeal ultimately presents a factual challenge to the Court's Order, and not

Plaintiff's Opposition to Defendant's Motion
To Certify the May 11, 2011 Order for
Interlocutory Appeal
13
10-CV-5306-ODW (AGRx)

a controlling question of law appropriate for interlocutory review.  Moreover, Spokeo has failed to demonstrate any authority in conflict with the Court's ruling on Plaintiff's standing – indeed, the Ninth Circuit decisions on point are all consistent with the Court's Order.  Given Spokeo's inability to meet these § 1292(b) standards, granting Defendant's motion for interlocutory review would unnecessarily prolong this litigation.  Even if this Court were to certify the Order, there is a substantial likelihood that the Ninth Circuit would refuse to hear the appeal because it has recently addressed Article III standing requirements in the context of alleged violations of federal or state statutory rights.  *See e.g. Edwards*, 610 F.3d at 516-17; *Sisley*, 284 Fed. Appx. at 466; *see also* Howard B. Eisenberg & Alan B. Morrison, *Discretionary Appellate Review of Non-Final Orders: It's Time to Change the Rules*, 1 J. App. Prac. & Process 285, 292 (1999) (in a historical review of data regarding § 1292(b) appeal requests, finding that "courts of appeals decline to hear approximately two-thirds of the cases certified by district courts for interlocutory appeal").  When combined with the already-crowded Ninth Circuit docket, judicial economy is best served by denying Defendant's request for interlocutory review, especially considering that Spokeo is free to appeal the question of Plaintiff's standing, if necessary, at the conclusion of this litigation.  *See Coopers*, 437 U.S. at 475 (Court congestion is a proper factor to consider in deciding whether to certify a § 1292(b) appeal).

Accordingly, certification under § 1292(b) would materially delay the resolution of this litigation, and the Court should deny Spokeo's request to certify its May 11, 2011 Order for immediate appeal.

**D.    Proceedings Should Not Be Stayed Pending the Ninth Circuit's Resolution of the Certification Petition**

This Court has broad discretion to decide whether to order a stay pending

Plaintiff's Opposition to Defendant's Motion
To Certify the May 11, 2011 Order for
Interlocutory Appeal                    14                    10-CV-5306-ODW (AGRx)

1  appeal pursuant to § 1292(b).  The "filing of an interlocutory appeal does not

2  automatically stay proceedings in the district court;" rather, the court "has broad

3  discretion to decide whether a stay is appropriate to promote economy of time and

4  effort for itself, for counsel, and for litigants." *Assoc. of Irritated Residents v. Fred*

5  *Schakel Dairy*, 634 F. Supp. 1081, 1094 (E.D. Cal. 2008) (quoting *Filtrol Corp. v.*

6  *Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)).  Spokeo does not argue that a stay is

7  warranted if the Court declines to certify its Order for interlocutory appeal.

8  Accordingly, and because Plaintiff has in fact demonstrated herein that certification

9  under § 1292(b) is inappropriate, the Court should likewise deny Spokeo's request

10  that proceedings be stayed.

11        In the event that the Court certifies the May 11, 2011 Order for interlocutory

12  appeal, the Court should withhold ruling on Spokeo's request to stay proceedings

13  until after the Ninth Circuit rules on Defendant's subsequent request for review.

14  Given the low acceptance rate, described above, of certified questions by all Courts

15  of Appeal, the factual nature of Spokeo's challenge, and the absence of conflicting

16  authority within the Ninth Circuit, it is highly likely that the Ninth Circuit will

17  decline Spokeo's request for an immediate appeal.  If a stay is in place when the

18  litigation returns to this Court, Plaintiff would need to seek to remove the stay, and

19  the Parties would need to agree to and propose an entirely new discovery structure

20  and schedule.  Accordingly, interests of economy for the court, litigants, and counsel

21  are best served if the Court does not enter a stay, if at all, unless and until the Ninth

22  Circuit allows Spokeo to proceed with an interlocutory appeal.

23  **IV.    CONCLUSION**

24        Based on the foregoing, Plaintiff Thomas Robins respectfully requests that the

25  Court deny Defendant's Motion to Certify the May 11, 2011 Order for Interlocutory

26  Appeal and Stay Action Pursuant to 28 U.S.C. § 1292(b) in its entirety.

27

28

Plaintiff's Opposition to Defendant's Motion        15                10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal

1   Dated:  July 18, 2011

2

3   THOMAS ROBINS, individually, and
    on behalf of all others similarly situated,

4

5   /s/  Sean P. Reis

6   SEAN REIS (SBN 184044)
    (sreis@edelson.com)

7   EDELSON MCGUIRE, LLP

8   30021 Tomas Street, Suite 300
    Rancho Santa Margarita, California 92688

9   Telephone:  (949) 459-2124

10  Facsimile:  (949) 459-2123

11

    RAFEY S. BALABANIAN
12  (rbalabanian@edelson.com)
    BRADLEY BAGLIEN
13  (bbaglien@edelson.com)
    EDELSON MCGUIRE, LLC
14  350 North LaSalle Street, Suite 1300
15  Chicago, Illinois 60654
    Telephone: (312) 589-6370
16  Facsimile: (312) 589-6378

17

18

19

20

21

22

23

24

25

26

27

28  Plaintiff's Opposition to Defendant's Motion          16          10-CV-5306-ODW (AGRx)
    To Certify the May 11, 2011 Order for
    Interlocutory Appeal

Respectfully submitted,

**CERTIFICATE OF SERVICE**

I, Sean P. Reis, an attorney, certify that on July 18, 2011, I served the above and foregoing *Plaintiff's Opposition To Defendant's Motion to Certify the May 11, 2011 Order for Interlocutory Appeal and Stay Action Pursuant to 28 U.S.C. § 1292(b)*, by causing true and accurate copies of such paper to be filed and transmitted to counsel of record via the Court's CM/ECF electronic filing system.


s/ Sean P. Reis_____
Sean P. Reis
EDELSON MCGUIRE LLC

Plaintiff's Opposition to Defendant's Motion          10-CV-5306-ODW (AGRx)
To Certify the May 11, 2011 Order for
Interlocutory Appeal