# EXHIBIT B

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV10-05306 ODW (AGRx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| | Raymond Neal | Not Present | n/a |
| | Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                            Not Present

**Proceedings (In Chambers):**     **Order GRANTING Defendant's Motion to Dismiss Plaintiffs' Complaint [22] (Filed 11/03/10)**

## I.   INTRODUCTION

Currently before this Court is Defendant, Spokeo, Inc.'s ("Defendant"), Motion to Dismiss Plaintiff Thomas Robin's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. #22.) On January 10, 2011, Plaintiff filed an Opposition (Dkt. #30), to which Defendant responded on January 20, 2011 (Dkt. #31). Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendant's Motion is **GRANTED.**

## II.   FACTUAL BACKGROUND

Plaintiff alleges that Defendant operates its website, Spokeo.com, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.[1] (Compl. ¶¶ 1, 2.) Specifically, Plaintiff claims that reports generated by Spokeo.com contain inaccurate consumer information that is marketed to entities performing background checks.

---

[1] Plaintiff's causes of action are for: violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681(b); 1681(e); 1681(j); and violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306 ODW (AGRx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

(Compl. ¶¶ 13, 17.) As a result of Defendant's FCRA violations, Plaintiff is concerned that his ability to obtain credit, employment, insurance and the like will be adversely affected. (Compl. ¶¶ 23, 24.)

In response, Defendant argues that it is not a consumer reporting agency under the FCRA, and thereby cannot be sued for alleged FCRA violations. (Mot. at 8.) Moreover, Defendant argues that even if it could be sued under the FCRA, Plaintiff does not have standing to bring such a claim. (Mot. at 17.) Defendant now brings the instant Motion to Dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and lack of subject matter jurisdiction because Plaintiff lacks standing, Fed. R. Civ. P. 12(b)(1).

## III. DISCUSSION

In order for this Court to have subject matter jurisdiction over the merits of Plaintiff's claims, Plaintiff must have established the requisite standing to sue. *See Whitmore v. Arkansas,* 495 U.S. 149, 154 (1990). Thus, as an initial matter, this Court will address Defendant's argument that Plaintiff does not have standing.

A plaintiff has standing where (1) the plaintiff has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). In the instant matter, Defendant contends that Plaintiff does not have standing because he has not alleged that he has in fact suffered any injury due to Spokeo's alleged conduct. (Mot. at 18.) The Court agrees.

Plaintiff argues that he has met the requirements of standing simply by alleging that Defendant is in violation of a statute that grants individuals a private right of action. (Opp. at 14.) However, even when asserting a statutory violation, the plaintiff must allege "the Article III minima of injury-in-fact." *Gomez v. Alexian Bros. Hosp. of San Jose*, 698 F.2d 1019, 1020-21 (9th Cir. 1983). An "injury in fact," for the purposes of standing, must be actual or imminent and not conjectural or hypothetical. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)). At this point, Plaintiff has not suffered an injury in fact because Plaintiff has

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV10-05306 ODW (AGRx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |

failed to allege that Defendant has caused him any actual or imminent harm. Plaintiff only expresses that he has been unsuccessful in seeking employment, and that he is "concerned that the inaccuracies [in] his report *will affect* his ability to obtain credit, employment, insurance, and the like." (Compl. ¶¶ 23, 24) (emphasis added.) The Supreme Court has "said many times before" that [a]llegations of possible future injury do not satisfy the [standing] requirements of Art. III." *Whitmore,* 495 U.S. at 158. Thus, Plaintiff's concern that he *will be* adversely affected by Defendant's website in the future, is an insufficient injury to confer standing.

Because Plaintiff does not have standing to bring his claims before this Court, no subject matter jurisdiction exists and, at this time, the Court will not address the merits of Plaintiff's claims. *See id.* at 154. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff shall have twenty (20) days from the date of this Order to amend his Complaint to meet the standing requirements. If Plaintiff fails to do so, all claims will be dismissed with prejudice.

**IT IS SO ORDERED**.

---- : 00

Initials of Preparer    RGN

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-05306 ODW (AGRx) | Date | January 27, 2011 |
|---|---|---|---|
| Title | *Thomas Robins v. Spokeo, Inc.* | | |