MARK S. EISEN (SBN 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 92688
Telephone: (213) 533-4100
Facsimile: (213) 947-4251

BENJAMIN S. THOMASSEN*
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff Thomas Robins and the putative class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THOMAS ROBINS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SPOKEO, INC.,<br><br>*Defendant*. | Case No. 2:10-cv-5306-ODW (AGRx)<br><br>**JOINT STIPULATION TO EXTEND PLAINTIFF'S DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION**<br><br>Action Filed: July 20, 2010<br><br>Judge: Honorable Otis D. Wright II |

1  Pursuant to Federal Rule of Civil Procedure 6 and Local Rule 7-1, Plaintiff Thomas Robins ("Plaintiff") and Defendant Spokeo, Inc. ("Defendant") (collectively, the "Parties") hereby stipulate and agree, subject to the Court's approval, to extend Plaintiff's deadline to file his motion for class certification through and including September 15, 2014. In support of the instant stipulation, the Parties state as follows:

WHEREAS, on July 20, 2010, Plaintiff filed his original class action complaint in this Court, (Dkt. 1);

WHEREAS, on November 3, 2010, Defendant filed its motion to dismiss Plaintiff's original complaint in its entirety, (Dkt. 22);

WHEREAS, on January 27, 2011, the Court granted Defendant's motion to dismiss without prejudice, (Dkt. 35);

WHEREAS, on February 17, 2011, Plaintiff filed his first amended complaint, (Dkt. 40);

WHEREAS, on March 17, Defendant filed its motion to dismiss Plaintiff's first amended complaint in its entirety, (Dkt. 45);

WHEREAS, on May 11, 2011, the Court granted in part (with respect to Plaintiff's UCL claim) and denied in part (with respect to Plaintiff's claims under the Fair Credit Reporting Act ("FCRA")) Defendant's motion to dismiss the first amended complaint, (Dkt. 52);

WHEREAS, on June 3, 2011, Defendant answered Plaintiff's first amended complaint and alleged twenty affirmative defenses, (Dkt. 54);

WHEREAS, on June 17, 2011, Defendant filed a motion to certify the May 11, 2011 order for interlocutory appeal and to stay the action pursuant to 28 U.S.C. § 1292(B), (Dkt. 57);

JOINT STIPULATION TO EXTEND DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION
CASE NO. 2:10-cv-5306-ODW (AGRx)

1  WHEREAS, on June 23, 2011, and following their Rule 26(f) conference, the Parties filed a joint case management report laying out discovery deadlines, including a December 31, 2011 deadline for class-related discovery, (Dkt. 59);

WHEREAS, on July 22, 2011 and pursuant to the schedule set forth in the Parties' case management report, Plaintiff propounded upon Defendant 18 Interrogatories, 54 Requests for the Production of Documents, and 50 Requests to Admit Facts;

WHEREAS, on September 14, 2011, Defendant provided objections and responses to Plaintiff's discovery requests;

WHEREAS, on September 19, 2011—before Plaintiff could address and respond to Defendant's stated objections and before any other discovery disputes could be resolved—the Court issued an order correcting its May 11, 2011 order and reinstating its January 27, 2011 order, resulting in dismissal of the action, (Dkt. 66);

WHEREAS, on October 20, 2011, Plaintiff filed a notice of appeal to the Ninth Circuit regarding the Court's September 19, 2011 order, (Dkt. 67);

WHEREAS, on February 4, 2014, the Ninth Circuit reversed and remanded the Court's September 19, 2011 order, (Dkt. 73);

WHEREAS, on March 28, 2014, the Court issued an order requiring Plaintiff to file a motion for class certification no later than July 17, 2014, (Dkt. 87);

WHEREAS, on April 11, 2014, Plaintiff sent Defendant a 12-page letter addressing the various deficiencies he identified in Defendant's objections and responses to Plaintiff's discovery requests, including Defendant's failure to produce any documents at all;

WHEREAS, on April 18, 2014, the Parties met and conferred regarding Defendant's discovery objections and responses. Over the course of that conference, (i) Defendant agreed to supplement certain of its responses to provide more

substantive responses and information relevant to class certification issues, (ii) the Parties agreed to continue to meet and confer to tailor Defendant's document production to information relevant to class certification issues and proceed as efficiently and expeditiously as possible, and (iii) Defendant agreed to begin collecting and producing documents as soon as possible, even though Plaintiff demanded that—in light of this Court's March 28th Order—all responsive documents should be produced by April 25, 2014;

WHEREAS, Plaintiff's Requests for the Production of Documents require a wide collection and in-depth review of documents from numerous custodians and several sources;

WHEREAS, Defendant is presently in the process of diligently collecting and reviewing documents, has begun producing documents, and expects to continue producing further documents on a rolling basis for at least one or two months;

WHEREAS, on May 1, 2014, Defendant filed a petition for writ of certiorari seeking Supreme Court review of the Ninth Circuit's decision in this case in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014);

WHEREAS, on May 12, 2014, Defendant filed a Motion for Stay Pending Resolution of Its Petition for Certiorari (the "Motion to Stay") (Dkt. 89), seeking a stay of all judicial proceedings in this case pending the Supreme Court's resolution of Defendant's petition;

WHEREAS, to meet the requirements of Rule 23, Plaintiff's ability to file a comprehensive class certification brief depends on him receiving complete responses—including Defendant's document production—to his discovery requests. Likewise, Plaintiff needs this same information and documents to move forward with deposition practice regarding his claims, including the anticipated Rule 30(b)(6) deposition of Defendant;

1       WHEREAS, given the above, the Parties have agreed that, subject to Court approval, good cause exists to extend Plaintiff's deadline to file a motion for class certification to September 15, 2014;

        WHEREAS, the Parties have further agreed that this stipulation shall have no effect on Defendant's pending Motion to Stay;

        WHEREAS, the Parties have not previously requested extensions of time for this deadline; and

        WHEREAS, the relief requested herein is not sought for any improper purpose.

        NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

        1.      Plaintiff's deadline to file his motion for class certification shall be extended through and including September 15, 2014.

        IT IS SO STIPULATED.

|  |  |
|---|---|
|  | **THOMAS ROBINS**, individually and on behalf of all others similarly situated, |
| Date: May 19, 2014 | By: /s/ Benjamin S. Thomassen<br>One of Plaintiff's Attorneys |
|  | Benjamin S. Thomassen<br>bthomassen@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Telephone: (312) 589-6370<br>Facsimile: (312) 589-6378 |
|  | **SPOKEO, INC.**, |
| Date: May 19, 2014 | By: /s/ John Nadolenco<br>One of Defendant's Attorneys |
|  | John Nadolenco<br>jnadolenco@mayerbrown.com<br>MAYER BROWN LLP<br>350 South Grand Avenue<br>25th Floor<br>Los Angeles, California 90071-1503<br>Telephone: (213) 229-9500<br>Facsimile: (213) 625-024 |

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4**

I, Benjamin S. Thomassen, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-4.3.4(a), I hereby attest that all signatories have concurred in this filing.

Dated: May 19, 2014                               /s/ Benjamin S. Thomassen

JOINT STIPULATION TO EXTEND DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION
CASE NO. 2:10-cv-5306-ODW (AGRx)