O

# United States District Court
# Central District of California

| | |
|---|---|
| THOMAS ROBINS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>SPOKEO, INC.,<br><br>                Defendant. | Case No. 2:10-cv-05306-ODW(AGRx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING RESOLUTION OF PETITION FOR CERTIORARI [89]** |

In 2011, this Court dismissed this putative class under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–81x, on the basis that Plaintiff Thomas Robins lacked Article III standing. The Ninth Circuit recently reversed that decision and remanded the action, finding that alleged violations of Robins' statutory rights are sufficient to satisfy the injury-in-fact requirement of Article III. On May 1, 2014, Defendant Spokeo, Inc. filed a petition for writ of certiorari in the United States Supreme Court, seeking review of the Ninth Circuit's decision. (Schreiner Decl. Exs. A–B.) Spokeo then filed the present Motion for Stay Pending Resolution of Petition for Certiorari. (ECF No. 89.) According to Spokeo, a decision from the Supreme Court is expected by October 6, 2014. (Mot. 2.)

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). But in

deciding whether to issue a stay, a court must consider four factors: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). Serious questions going to the merits—as opposed to likelihood of success—and a balance of hardships that tips *sharply* in the moving party's favor may also support issuance of a stay. *C.f. Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, Spokeo contends that a stay is warranted because there is a good chance that the Supreme Court will grant certiorari based on the significance of the issue involved—Article III standing—and a perceived circuit split. Spokeo also argues that it will suffer irreparable harm absent a stay because of high litigation costs associated with discovery and class certification. On the other hand, Robins argues that Spokeo's prediction regarding Supreme Court review is inaccurate and based on a broad interpretation of the Ninth Circuit's holding in this case. Moreover, Robins asserts that further delay of this litigation—which has already been on hold for more than two years—is prejudicial to his interests.

In weighing the factors listed above, the Court finds that a stay of the entire litigation is inappropriate at this time. As to the first factor, Spokeo's perceived circuit split is not as obvious as Spokeo makes it out to be. This Court can distinguish the cases from the Second, Fourth, and Eighth Circuits that Spokeo argues conflict with the Ninth Circuit's decision in this case. *See Kendall v. Emps. Ret. Plan of Avon Prods.*, 561 F.3d 112, 121 (2d Cir. 2009) (holding that plaintiff failed to plead Article III injury-in-fact under ERISA not the FCRA); *David v. Alphin*, 704 F.3d 327, 338–39 (4th Cir. 2013) (same); *Dowell v. Wells Fargo Bank, N.A.*, 517 F.3d 1024, 1026 (8th

Cir. 2008) (discussing the issue of standing absent proof of actual damages in dicta when granting summary judgment against the plaintiff). More importantly, the Supreme Court has declined to take up two cases that even Spokeo admits raise similar—although not identical—issues of standing. *Mutual First Fed. Credit Union v. Charvat*, 134 S. Ct. 1515 (Mar. 10, 2014) (denying petition for writ of certiorari); *First Am. Fin. Corp. v. Edwards*, 132 S. Ct. 2536 (June 28, 2012) (dismissing writ of certiorari as improvidently granted). The Court is unpersuaded of Spokeo's likelihood of success on the merits. Even if Spokeo has demonstrated "serious questions going to the merits," the remaining factors must tip sharply in Spokeo's favor and, as discussed below, they do not.

With respect to the second factor—irreparable harm to Spokeo absent a stay—the Court does recognize that significant resources are expended in the context of class certification and that expense would be for naught if the Supreme Court were to reverse the Ninth Circuit here. But litigation expenses alone are generally insufficient to establish irreparable harm. Moreover, the third factor favors moving forward in this litigation since Robins is prejudiced by further delay. Robins' case has already been on hold for more than two years while the Ninth Circuit reviewed his appeal. Memories fade and records get lost or destroyed as time wears on. It is high time this case move forward. As to the last factor, the public interest lies in proper resolution of the issues. That includes not only the legal issue that Spokeo seeks to appeal to the Supreme Court, but also timely resolution of this case.

Overall, the Court finds the four factors discussed above do not favor Spokeo and issuance of a stay. Accordingly, the Court **DENIES** Spokeo's Motion to Stay. (ECF No. 89.)

But the Court will make one accommodation and alter the present schedule for the impending class-certification motion. The Court **SETS** the hearing on class certification for **Monday, November 17, 2014, at 1:30 p.m.** This date means that briefing on the motion is not due until after the Supreme Court is expected to decide

on Spokeo's petition. However, the Court fully expects the parties to carry on with discovery over the next few months, and this Order has no effect on the July 14, 2014 Scheduling Conference. In filing the joint Rule 26(f) Report, the parties are advised to keep the new class-certification hearing date in mind and propose trial dates for late Spring 2015.

**IT IS SO ORDERED.**

June 3, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**