Mark S. Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 92688
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff Thomas Robins and the Putative Class*

John Nadolenco (SBN - 181128)
jnadolenco@mayerbrown.com
Barrett L. Schreiner (SBN - 266617)
bschreiner@mayerbrown.com
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071
Tel: 213.229.9500
Fax: 213.625.0248

*Attorneys for Defendant Spokeo, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| THOMAS ROBINS, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>  v.<br><br>SPOKEO, INC.,<br><br>        *Defendant*. | Case No. 2:10-cv-5306-ODW (AGRx)<br><br>**Parties' Joint Case Management Report Pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1**<br><br>Hon. Otis D. Wright II |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff Thomas Robins ("Plaintiff") and Defendant Spokeo, Inc. ("Defendant" or "Spokeo") (collectively, the "Parties") jointly submit this report of their conferences, stating as follows:

## I.  Meetings of Counsel

The Parties conferred by telephone on June 24, 2014 and June 30, 2014 to discuss the matters set forth in Fed. R. Civ. P. 26 and L.R. 26-1. Also on June 30th, the Parties conferred with plaintiff's counsel in the *Purcell* matter regarding the potential stipulated consolidation of this case with *Purcell v. Spokeo, Inc.*, No. 11-cv-06003-ODW (AGRx). (*See* Dkt. 97.)

## II.  Nature of the Claims

Plaintiff alleges, on behalf of himself and the proposed Class, that Defendant operates a website that collects, creates, and disseminates consumer reports in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and other applicable laws. In particular, Plaintiff contends that Spokeo developed software that aggregates data about consumers from a wide range of unconfirmed sources, evaluates the data, creates a number of original descriptors, charts, and other content, and displays the (often inaccurate) reports to the public and to paying customers through its website. Moreover, Plaintiff claims that Spokeo markets its consumer reports to third parties, including potential employers, HR directors, and law enforcement personnel, and encourages such third parties to evaluate consumers based on the information displayed on Spokeo's website. Based on the operation and marketing of Spokeo.com, Plaintiff alleges that Defendant operates and profits as a consumer reporting agency, and, as such, is required to comply with the obligations imposed by FCRA. At this time, Plaintiff does not anticipate any amendment to his pleadings.

For its part, Spokeo asserts that it operates an online search engine at http://www.spokeo.com, focused on people. Spokeo asserts that it gathers publicly available information from a variety of sources and aggregates and displays that information in a convenient format for visitors of Spokeo.com. Spokeo asserts that it is not subject to FCRA, as it is not a "consumer reporting agency," and does not issue "consumer reports," as those terms are defined in the FCRA. Moreover, because Spokeo is an interactive service provider that only passively displays content created by third parties, it asserts that it is immune from liability under the Communications Decency Act, 47 U.S.C. § 230. Spokeo also contends that the claims set forth in Plaintiff's First Amended Complaint are inappropriate for class certification.

Additionally, Spokeo asserts that Plaintiff lacks Article III standing. Spokeo's first motion to dismiss was granted on this basis (Dkt. 35), but the Court later denied Spokeo's second motion to dismiss on standing grounds (Dkt. 52). After Spokeo filed a motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b), the Court corrected its Order on Spokeo's second motion to dismiss and dismissed the action (Dkt. 66). Plaintiff appealed to the Ninth Circuit, which reversed dismissal and reinstated the case, finding that Robins had standing to pursue his claims under the FCRA. On May 1, 2014, Spokeo filed a petition for writ of certiorari on the standing issue, which it expects will be decided by October 6, 2014.

**III.   Joint Report Regarding Items Listed in Fed. R. Civ. P. 26(f)**

   **(1)   Initial Disclosures, Preservation of Discoverable Information, and Discovery Plan**

As outlined in the Parties' initial 26(f) Case Management Report filed June 23, 2011 (Dkt. 59), the Parties have discussed the preservation of discoverable information, including (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the Parties; (3) the formats for preservation and production of ESI; and (4) the procedures for handling

1  inadvertent production of privileged information and other privilege waiver issues
2  under Rule 502 of the Federal Rules of Evidence. The Parties exchanged their Initial
3  Disclosures required under Fed. R. Civ. P. 26(a) on July 11, 2011.
4      On July 22, 2011, Plaintiff propounded his first sets of class discovery on
5  Spokeo, including interrogatories, requests for the production of documents, and
6  requests to admit facts. Spokeo responded to those discovery requests on September
7  14, 2011 (i.e., five days prior to this Court's dismissal of this action pursuant to its
8  September 19, 2011 Order, (Dkt. 66)), but did not produce any documents at that
9  time. Since this matter was remanded from the Ninth Circuit, the Parties have
10 conferred on multiple occasions—including by telephone on April 18, 2014 and May
11 20, 2014, and through written correspondence—regarding Spokeo's written
12 discovery responses and document production. As a result of those conferences, the
13 Parties have worked through a number of discovery disputes, Spokeo has
14 supplemented its written discovery responses, and Spokeo expects its "rolling"
15 document production to be substantially complete or complete by mid-July, 2014.
16 Plaintiff anticipates engaging in deposition practice shortly thereafter.
17     Given the documents and information sought by Plaintiff, the Parties have
18 agreed that the entry of a Stipulated Confidentiality Order under Fed. R. Civ. P. 26(c)
19 is appropriate in this case. The Parties have reduced their Stipulated Confidentiality
20 Order to writing and will submit it to the Court for review and approval in short
21 order.
22     **(2)   Law and Motion Matters**
23     Pursuant to the June 3, 2014 Order Denying Spokeo's Motion to Stay Pending
24 Resolution of its Petition for Certiorari, the Court: (i) set the hearing on Plaintiff's
25 forthcoming motion for class certification for November 17, 2014, (ii) ordered that all
26 briefing on Plaintiff's motion for class certification come due after Spokeo expects
27 the Supreme Court to either accept or deny its petition, and (iii) advised the Parties to
28

propose trial dates for late Spring 2015. (Dkt. 94.) Separately, in the *Purcell* matter and also on June 3, 2014, the Court indicated that it would hear a motion for consolidation for the *Robins* and *Purcell* cases as soon as practicable. (*Purcell*, Dkt. 84.) Following that instruction, the Parties, along with counsel for plaintiff in the *Purcell* matter, have submitted a stipulation to consolidate the *Robins* and *Purcell* matters pursuant to Federal Rule 42(a) for discovery, scheduling, and pre-trial purposes, but not for purposes of trial preparation and trial. (Dkt. 97.) If the Court accepts and enters that stipulation, the Parties will meet and confer so as to propose an aligned discovery, motion, and pre-trial schedule for the consolidated cases (i.e., given that the *Purcell* matter is currently trailing this matter and the Court ordered the *Purcell* plaintiff to move for class certification within 90 days of the filing of Spokeo's answer in that case, (*Purcell*, Dkt. 84)).

Plaintiff anticipates filing a motion for class certification, a motion for summary judgment, and discovery-related motions, if necessary.

Spokeo also anticipates that it will file a motion for summary judgment, and it may do so prior to or after Plaintiff's motion for class certification.

However, in the absence of any consolidation, and in accordance with the deadlines indicated by the Court's June 3, 2014 Order in this mater, (Dkt. 94), the Parties propose the below schedule for the remainder of the case:

| EVENT | PROPOSED DEADLINE |
|---|---|
| *Plaintiff to serve expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) relating to class certification* | August 15, 2014 |
| *Defendant to serve disclosures of rebuttal expert witnesses and reports relating to class certification* | September 12, 2014 |

| | |
|---|---|
| *Defendant's deadline to depose Plaintiff's experts and the parties' other witnesses related to class certification* | September 12, 2014 |
| *Plaintiff's deadline to depose rebuttal experts related to class certification* | October 3, 2014 |
| *Plaintiff to file motion and memorandum in support of class certification* | October 7, 2014 |
| *Defendant to file opposition to class certification* | October 24, 2014 |
| *Plaintiff to file reply in support of motion for class certification* | November 3, 2014 |
| *Hearing on motion for class certification* | November 17, 2014 at 1:30 p.m. |
| *Fact discovery cut-off* | Sixty (60) days following the Court's ruling on Plaintiff's motion for class certification |
| *Plaintiff to serve expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) related to merits issues* | Thirty (30) days prior to fact discovery cut-off |
| *Defendant to disclose rebuttal expert witnesses related to merits issues* | Twenty-eight (28) days following Plaintiff's expert disclosures related to merits issues |
| *Defendant to depose Plaintiff's experts related to merits issues* | Twenty-eight (28) days following Plaintiff's expert disclosures related to merits issues |
| *Plaintiff to depose Defendant's rebuttal expert witnesses related to merits issues* | Twenty-one (21) days following Defendant's disclosures of rebuttal experts related to merits issues |
| *Expert discovery cut-off* | Twenty-one (21) days following Defendant's disclosures of rebuttal experts related to merits issues |
| *Deadline to file dispositive pretrial motions and Daubert motions* | Thirty (30) days following the close of expert discovery |
| *Deadline to file oppositions to dispositive pretrial motions and Daubert motions* | Twenty-one (21) days following the filing of any dispositive pretrial motions or Daubert motions |

| | |
|---|---|
| *Deadline to file reply briefs in support of dispositive pretrial motions and Daubert motions* | Ten (10) days following the filing of any opposition to dispositive pretrial motions or Daubert motions |
| *Hearing on dispositive pretrial motions and Daubert motions* | At the Court's convenience: Late May 2015 |
| *Pretrial conference* | At the Court's convenience: Early June 2015 |
| *Motion in limine hearing date* | At the Court's convenience: Mid-June 2015 |
| *Trial to begin* | At the Court's convenience: Late June 2015 |

**(3)     Severance, Bifurcation, and Other Ordering of Proof Issues**

As explained in the Parties' initial 26(f) Case Management Report, the Parties have agreed to bifurcate discovery between class and merits-based issues, with discovery proceeding only on class issues until the Court rules on Plaintiff's motion for class certification. Following a ruling on Plaintiff's motion for class certification, the Parties will proceed with merits discovery. The Parties understand that there is often overlap between merits and certification issues, and have committed to meet and confer to resolve any discovery disputes prior to seeking the Court's intervention.

**(4)     Rules Limiting Discovery**

The Parties have agreed to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, without prejudice to their ability to seek a modification of those rules if necessary at a future point in time.

**(5)     Other Issues**

Apart from the above-mentioned stipulation to consolidate this case with the *Purcell* matter, the Parties are not aware of any other existing issues affecting the status or management of this case.

IV. **Additional Joint Report Regarding Items Listed in L.R. 26-1**

**(1)** **Complex Case**

The Parties agree at this time that the Manual for Complex Litigation need not be utilized.

**(2)** **Settlement Matters**

Before Plaintiff's appeal to the Ninth Circuit, the Parties had engaged in early settlement discussions, but were unable to reach any settlement. At that time, the Parties discussed the possibility of settlement pursuant to L.R. 26-1, and agreed that they were willing to participate in court-mandated settlement discussions pursuant to L.R. 16-15.1. At this juncture, Plaintiff remains willing to engage in either court-mandated settlement procedures (i.e., pursuant to L.R. 16-15.1) or private mediation. Spokeo also is willing to engage in either court-mandated settlement procedures (i.e., pursuant to L.R. 16-15.1) or private mediation.

**(3)** **Trial Length and Date of Final Pretrial Conference and Trial**

Plaintiff has demanded a trial by jury. The Parties agree that the length of trial in this matter will depend on the Court's ruling on Plaintiff's motion for class certification. The Parties believe that if a class is certified, trial could last between ten and fifteen Court days.

**(4)** **Other Parties**

At this time, the Parties do not anticipate the addition of other parties.

IV. **Additional Joint Report Regarding Items Listed in L.R. 26-1**

**(1) Complex Case**

The Parties agree at this time that the Manual for Complex Litigation need not be utilized.

**(2) Settlement Matters**

Before Plaintiff's appeal to the Ninth Circuit, the Parties had engaged in early settlement discussions, but were unable to reach any settlement. At that time, the Parties discussed the possibility of settlement pursuant to L.R. 26-1, and agreed that they were willing to participate in court-mandated settlement discussions pursuant to L.R. 16-15.1. At this juncture, Plaintiff remains willing to engage in either court-mandated settlement procedures (i.e., pursuant to L.R. 16-15.1) or private mediation. Spokeo also is willing to engage in either court-mandated settlement procedures (i.e., pursuant to L.R. 16-15.1) or private mediation.

**(3) Trial Length and Date of Final Pretrial Conference and Trial**

Plaintiff has demanded a trial by jury. The Parties agree that the length of trial in this matter will depend on the Court's ruling on Plaintiff's motion for class certification. The Parties believe that if a class is certified, trial could last between ten and fifteen Court days.

**(4) Other Parties**

At this time, the Parties do not anticipate the addition of other parties.

| | | |
|---|---|---|
| 1 | Dated:  July 7, 2014 | Respectfully submitted, |
| 2 | | |
| 3 | | **THOMAS ROBINS**, individually and on behalf of all others similarly situated, |
| 4 | | |
| 5 | | By: /s/ Benjamin S. Thomassen<br>One of Plaintiff's Attorneys |
| 6 | | Rafey S. Balabanian* |
| 7 | | rbalabanian@edelson.com<br>Benjamin S. Thomassen* |
| 8 | | bthomassen@edelson.com<br>EDELSON PC |
| 9 | | 350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654 |
| 10 | | Tel: 312.589.6370<br>Fax: 312.589.6378 |
| 11 | | Mark S. Eisen (SBN - 289009) |
| 12 | | meisen@edelson.com<br>EDELSON PC |
| 13 | | 555 West Fifth Street, 31st Floor<br>Los Angeles, California 92688 |
| 14 | | Tel: 213.533.4100<br>Fax: 213.947.4251 |
| 15 | | *Admitted *Pro Hac Vice* |
| 16 | | *Attorneys for Plaintiff Thomas Robins and the Putative Class* |
| 17 | | |
| 18 | | |
| 19 | Dated:  July 7, 2014 | **SPOKEO, INC.** |
| 20 | | By: /s/ Barrett L. Schreiner |
| 21 | | One of Defendant's Attorneys |
| 22 | | John Nadolenco (SBN - 181128)<br>jnadolenco@mayerbrown.com |
| 23 | | Barrett L. Schreiner (SBN - 266617)<br>bschreiner@mayerbrown.com<br>MAYER BROWN LLP |
| 24 | | 350 South Grand Avenue |
| 25 | | Los Angeles, California 90071<br>Tel: 213.229.9500<br>Fax: 213.576.0248 |
| 26 | | |
| 27 | | *Attorneys for Defendant Spokeo, Inc.* |
| 28 | | |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4**

I, Benjamin S. Thomassen, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-4.3.4(a), I hereby attest that all signatories have concurred in this filing.

Dated:  July 7, 2014                                        /s/ Benjamin S. Thomassen