MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
BARRETT L. SCHREINER (SBN 266617)
bschreiner@mayerbrown.com
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

NOTE CHANGES MADE BY THE COURT

Attorneys for Defendant
SPOKEO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THOMAS ROBINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPOKEO, INC.,<br><br>Defendant. | Case No. CV-10-5306-ODW (AGRx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Judge:          Otis D. Wright II<br>Action Filed:  July 20, 2010 |
| JENNIFER PURCELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPOKEO, INC.,<br><br>Defendant. | |

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation will be warranted.  Accordingly, Plaintiff Thomas Robins ("Robins"), Plaintiff Jennifer Purcell ("Purcell"), and Defendant Spokeo, Inc. ("Spokeo") (jointly, the "Parties") hereby stipulate to and petition the Court to enter the following [Proposed] Stipulated Protective Order (the "Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

**2.1   Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2   "CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored, or maintained) or tangible things containing or constituting sensitive personal information; pertaining to trade secrets or confidential or sensitive research, development, commercial information, or financial information; as well as any information or communications which if disclosed, would result in serious embarrassment or reputational harm, and as consistent with Federal Rule of Civil Procedure 26(c).

**2.3   Counsel** (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

1

1    **2.4    Designating Party**: a Party or Non-Party that designates information or

2    items that it produces in disclosures or in responses to discovery as

3    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4    ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

5    **2.5    Disclosure or Discovery Material**: all items or information, regardless

6    of the medium or manner in which it is generated, stored, or maintained (including,

7    among other things, testimony, transcripts, and tangible things), that are produced or

8    generated in disclosures or responses to discovery in this matter.

9    **2.6    Expert**: a person with specialized knowledge or experience in a matter

10    pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

11    as an expert witness or as a consultant in this action, (2) is not a past or current

12    employee of a Party or a current employee of a Party's competitor, and (3) at the

13    time of retention, is not anticipated to become an employee of a Party or of a Party's

14    competitor.

15    **2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

16    **Information or Items**: extremely sensitive "Confidential Information or Items,"

17    disclosure of which to another Party or Non-Party could create a substantial risk of

18    serious harm that could not be avoided by less restrictive means.

19    **2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or**

20    **Items**: extremely sensitive "Confidential Information or Items" representing

21    computer code, associated comments and/or revision histories, formulas,

22    engineering specifications, or schematics that define or otherwise describe in detail

23    the algorithms or structure of software or hardware designs, disclosure of which to

24    another Party or Non-Party could create a substantial risk of serious harm that could

25    not be avoided by less restrictive means.

26    **2.9    In-House Counsel**: attorneys who are employees of a Party to this

27    action. In-House Counsel does not include Outside Counsel of Record or any other

28    outside counsel.

2

1    **2.10   Non-Party**: any natural person, partnership, corporation, association, or

2    other legal entity not named as a Party to this action.

3    **2.11   Outside Counsel of Record**: attorneys who are not employees of a

4    Party to this action but are retained to represent or advise a Party to this action and

5    have appeared in this action on behalf of that Party or are affiliated with a law firm

6    which has appeared on behalf of that Party.

7    **2.12   Party**: any party to this action, including all of its officers, directors,

8    employees, consultants, retained experts, and Outside Counsel of Record (and their

9    support staffs).

10   **2.13   Producing Party**: a Party or Non-Party that produces Disclosure or

11   Discovery Material in this action.

12   **2.14   Professional Vendors**: persons or entities that provide litigation

13   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

14   demonstrations, and organizing, storing, or retrieving data in any form or medium)

15   and their employees and subcontractors.

16   **2.15   Protected Material**: any Disclosure or Discovery Material that is

17   designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

19   **2.16   Receiving Party**: a Party that receives Disclosure or Discovery

20   Material from a Producing Party.  Where either Robins or Purcell receives

21   Disclosure or Discovery Material from Spokeo, they each shall be considered a

22   Receiving Party of that Disclosure or Discovery Material.

23   **3.    SCOPE**

24   The protections conferred by this Stipulation and Order cover not only

25   Protected Material (as defined above), but also (1) any information copied or

26   extracted from Protected Material; (2) all copies, excerpts, summaries, or

27   compilations of Protected Material; and (3) any testimony, conversations, or

28   presentations by Parties or their Counsel that might reveal Protected Material.

1   However, the protections conferred by this Stipulation and Order do not cover the

2   following information: (a) any information that is in the public domain at the time of

3   disclosure to a Receiving Party or becomes part of the public domain after its

4   disclosure to a Receiving Party as a result of publication not involving a violation of

5   this Order, including becoming part of the public record through trial or otherwise;

6   and (b) any information known to the Receiving Party prior to the disclosure or

7   obtained by the Receiving Party after the disclosure from a source who obtained the

8   information lawfully and under no obligation of confidentiality to the Designating

9   Party.  Any use of Protected Material at trial shall be governed by a separate

10   agreement or order.

11   **4.**   **DURATION**

12   Even after final disposition of this litigation, the confidentiality obligations

13   imposed by this Order shall remain in effect until a Designating Party agrees

14   otherwise in writing or a court order otherwise directs.  Final disposition shall be

15   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

16   or without prejudice; and (2) final judgment herein after the completion and

17   exhaustion of all appeals, rehearings, remands, or trials, including the time limits for

18   filing any motions or applications for extension of time pursuant to applicable law.

19   **5.**   **DESIGNATING PROTECTED MATERIAL**

20   **5.1**   **Exercise of Restraint and Care in Designating Material for**

21   **Protection.**  Each Party or Non-Party that designates information or items for

22   protection under this Order must take care to limit any such designation to specific

23   material that qualifies under the appropriate standards.  To the extent it is practical to

24   do so, the Designating Party must designate for protection only those parts of

25   material, documents, items, or oral or written communications that qualify—so that

26   other portions of the material, documents, items, or communications for which

27   protection is not warranted are not swept unjustifiably within the ambit of this Order.

28   / / /

4

1   Mass, indiscriminate, or routinized designations are prohibited.  Designations

2   that are shown to be clearly unjustified or that have been made for an improper

3   purpose (e.g., to unnecessarily encumber or retard the case development process or

4   to impose unnecessary expenses and burdens on other Parties) expose the

5   Designating Party to sanctions.

6   If it comes to a Designating Party's attention that information or items that it

7   designated for protection do not qualify for protection at all or do not qualify for the

8   level of protection initially asserted, that Designating Party must promptly notify all

9   other Parties that it is withdrawing the mistaken designation.

10  **5.2     Manner and Timing of Designations.**  Except as otherwise provided

11  in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

12  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

13  under this Order must be clearly so designated before the material is disclosed or

14  produced.

15  Designation in conformity with this Order requires:

16  (a)     for information in documentary form (e.g., paper or electronic

17  documents, but excluding transcripts of depositions or other pretrial or trial

18  proceedings), that the Producing Party affix the legend "CONFIDENTIAL,"

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

20  CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

21  If only a portion or portions of the material on a page qualifies for protection, the

22  Producing Party also must clearly identify the protected portion(s) (e.g., by making

23  appropriate markings in the margins) and must specify, for each portion, the level of

24  protection being asserted.

25  A Party or Non-Party that makes original documents or materials available for

26  inspection need not designate them for protection until after the inspecting Party has

27  indicated which material it would like copied and produced.  During the inspection

28  and before the designation, all of the material made available for inspection shall be

5

1   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

2   inspecting Party has identified the documents it wants copied and produced, the

3   Producing Party must determine which documents, or portions thereof, qualify for

4   protection under this Order. Then, before producing the specified documents, the

5   Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

6   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

7   CONFIDENTIAL – SOURCE CODE") to each page that contains Protected

8   Material. If only a portion or portions of the material on a page qualifies for

9   protection, the Producing Party also must clearly identify the protected portion(s)

10  (e.g., by making appropriate markings in the margins) and must specify, for each

11  portion, the level of protection being asserted.

12          (b)   for testimony given in deposition, or in other pretrial or trial

13  proceedings, that the Designating Party identify on the record, before the close of the

14  deposition, hearing, or other proceeding, all protected testimony and specify the

15  level of protection being asserted. When it is impractical to identify separately each

16  portion of testimony that is entitled to protection and it appears that substantial

17  portions of the testimony may qualify for protection, the Designating Party may

18  invoke on the record (before the deposition, hearing, or other proceeding is

19  concluded) a right to have up to 21 days from when the final transcript is received to

20  identify the specific portions of the testimony as to which protection is sought and to

21  specify the level of protection being asserted. Only those portions of the testimony

22  that are appropriately designated for protection within the 21 days shall be covered

23  by the provisions of this Stipulated Protective Order. Alternatively, a Designating

24  Party may specify, at the deposition or up to 21 days after the final transcript is

25  received, if that period is properly invoked, that the entire transcript shall be treated

26  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY."

28  / / /

6

AGR

1  Parties shall give the other Parties notice if they reasonably expect a

2  deposition, hearing or other proceeding to include Protected Material so that the

3  other Parties can ensure that only authorized individuals who have signed the

4  "Acknowledgment and Agreement to Be Bound" (attached hereto as Exhibit A) are

5  present at those proceedings.  The use of a document as an exhibit at a deposition

6  shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

8  CONFIDENTIAL – SOURCE CODE."

9  Transcripts containing Protected Material shall have an obvious legend on the

10  title page that the transcript contains Protected Material, and the title page shall be

11  followed by a list of all pages (including line numbers as appropriate) that have been

12  designated as Protected Material and the level of protection being asserted by the

13  Designating Party.  The Designating Party shall inform the court reporter of these

14  requirements.

15  (c)  for information produced in some form other than documentary

16  and for any other tangible items, that the Producing Party affix in a prominent place

17  on the exterior of the container or containers in which the information or item is

18  stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

20  CODE."  If only a portion or portions of the information or item warrant protection,

21  the Producing Party, to the extent practicable, shall identify the protected portion(s)

22  and specify the level of protection being asserted.

23  **5.3**  **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent

24  failure to designate qualified information or items does not, standing alone, waive

25  the Designating Party's right to secure protection under this Order for such material.

26  Upon timely correction of a designation, the Receiving Party must make reasonable

27  efforts to assure that the material is treated in accordance with the provisions of this

28  Order.

7

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1    Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3    Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 3 7 (and in compliance with Civil Local Rule 79-5.1, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and

8

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 10 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 1096 Filed 07/16/14   Page 10 of 24   Page ID
#:1021

1  confer requirements imposed in the preceding paragraph.  Failure by the Designating

2  Party to make such a motion including the required declaration within 21 days (or 14

3  days, if applicable) shall automatically waive the confidentiality designation for each

4  challenged designation.  In addition, the Challenging Party may file a motion

5  challenging a confidentiality designation at any time if there is good cause for doing

6  so, including a challenge to the designation of a deposition transcript or any portions

7  thereof.  Any motion brought pursuant to this provision must be accompanied by a

8  competent declaration affirming that the movant has complied with the meet and

9  confer requirements imposed by the preceding paragraph.

10       The burden of persuasion in any such challenge proceeding shall be on the

11  Designating Party.  Frivolous challenges and those made for an improper purpose

12  (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may

13  expose the Challenging Party to sanctions.  Unless the Designating Party has waived

14  the confidentiality designation by failing to file a motion to retain confidentiality as

15  described above, all Parties shall continue to afford the material in question the level

16  of protection to which it is entitled under the Producing Party's designation until the

17  Court rules on the challenge.

18  **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

19       **7.1**    **Basic Principles.**  A Receiving Party may only use Protected Material

20  that is disclosed or produced by another Party or by a Non-Party in connection with

21  this case only for prosecuting, defending, or attempting to settle this litigation.  Such

22  Protected Material may be disclosed only to the categories of persons and under the

23  conditions described in this Order.  When the litigation has been terminated, a

24  Receiving Party must comply with the provisions of Section 14 below (FINAL

25  DISPOSITION).

26       Protected Material must be stored and maintained by a Receiving Party at a

27  location and in a secure manner that ensures that access is limited to the persons

28  authorized under this Order.  Any electronic Protected Material shall be stored by a

9

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 11 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 1087   Filed 07/16/14   Page 11 of 24   Page ID
#:1022

Receiving Party in password-protected form, such that access to electronic Protected
Material, or any system used to store electronic Protected Material, is limited to the
persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless
otherwise ordered by the court or permitted in writing by the Designating Party, a
Receiving Party may disclose any information or item designated
"CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action
(including support personnel), as well as independent contractors retained by said
Outside Counsel of Record to whom it is reasonably necessary to disclose the
information for this litigation and who have signed the "Acknowledgment and
Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including In-House
Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this
litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom
disclosure is reasonably necessary for this litigation and who have signed the
"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial
consultants, and Professional Vendors to whom disclosure is reasonably necessary
for this litigation and who have signed the "Acknowledgment and Agreement to Be
Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom
disclosure is reasonably necessary and who have signed the "Acknowledgment and
Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating
Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits

10

Case 2:10-cv-05306-ODW-AGR Document 103 Filed 08/25/14 Page 12 of 24 Page ID
Case 2:10-cv-05306-ODW-AGR Document 100-8 Filed 07/16/14 Page 12 of 24 Page ID
#:1023

1  to depositions that reveal Protected Material must be separately bound by the court

2  reporter and may not be disclosed to anyone except as permitted under this

3  Stipulated Protective Order;

4         (g)    Any third-party neutral mutually engaged by the Parties in this

5  action who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

6  A);

7         (h)    the author or recipient of a document containing the information

8  or a custodian or other person who otherwise possessed or knew the information.

9     **7.3**   **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

10  **ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or**

11  **Items.**  Unless otherwise ordered by the court or permitted in writing by the

12  Designating Party, a Receiving Party may disclose any information or item

13  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

14  "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

15         (a)    the Receiving Party's Outside Counsel of Record in this action

16  (including support personnel), as well as independent contractors retained by said

17  Outside Counsel of Record to whom it is reasonably necessary to disclose the

18  information for this litigation and who have signed the "Acknowledgment and

19  Agreement to Be Bound" that is attached hereto as Exhibit A;

20         (b)    Experts of the Receiving Party (1) to whom disclosure is

21  reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

22  and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set

23  forth in paragraph 7.4(a), below, have been followed;

24         (c)    the court and its personnel;

25         (d)    court reporters and their staff, professional jury or trial

26  consultants, and Professional Vendors to whom disclosure is reasonably necessary

27  for this litigation and who have signed the "Acknowledgment and Agreement to Be

28  Bound" (Exhibit A);

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 13 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 1009   Filed 07/16/14   Page 13 of 24   Page ID
#:1024

(e)     Any third-party neutral mutually engaged by the Parties in this action who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.**

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), and (5)  identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

12

Case 2:10-cv-05306-ODW-AGR Document 103 Filed 08/25/14 Page 14 of 24 Page ID
Case 2:10-cv-05306-ODW-AGR Document 100 Filed 07/16/14 Page 14 of 24 Page ID
#:1025

1          (c)    A Party that receives a timely written objection must meet and

2 confer with the Designating Party (through direct voice to voice dialogue) to try to

3 resolve the matter by agreement within seven days of the written objection. If no

4 agreement is reached, the Party seeking to prevent the disclosure to the Expert may

AGR 5 file a motion as provided in Civil Local Rule 3 7 (and in compliance with Civil Local

6 Rule 79-5.1, if applicable) seeking permission from the Court to do so. Any such

7 motion must describe the circumstances with specificity, set forth in detail the

8 reasons why the disclosure to the Expert is reasonably unnecessary or problematic,

9 assess the risk of harm that the disclosure would entail, and suggest any additional

10 means that could be used to reduce that risk. In addition, any such motion must be

11 accompanied by a competent declaration describing the Parties' efforts to resolve the

12 matter by agreement (i.e., the extent and the content of the meet and confer

13 discussions) and setting forth the reasons advanced by the Designating Party for its

14 refusal to approve the disclosure.

15       In any such proceeding, the Party opposing disclosure to the Expert shall bear

16 the burden of proving that the risk of harm that the disclosure would entail (under

17 the safeguards proposed) outweighs the Receiving Party's need to disclose the

18 Protected Material to its Expert.

19       In the event a motion to prevent disclosure to an Expert, as described above, is

20 filed, the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

21 "HIGHLY CONFIDENTIAL – SOURCE CODE" information in question shall not

22 be disclosed to said Expert until the Court rules on the challenge.

23 **8.**    **SOURCE CODE**

24       **8.1**    To the extent production of source code becomes necessary in this case,

25 a Producing Party may designate source code as "HIGHLY CONFIDENTIAL -

26 SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret

27 source code.

28

13

Case 2:10-cv-05306-ODW-AGR  Document 103  Filed 08/25/14  Page 15 of 24  Page ID
Case 2:10-cv-05306-ODW-AGR  Document 100  Filed 07/16/14  Page 15 of 24  Page ID
#:1026

**8.2** Protected Material designated as "HIGHLY CONFIDENTIAL –
SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be
disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in
Paragraphs 7.3 and 7.4.

**8.3** Any source code produced in discovery shall be made available for
inspection in the following manner and subject to the following protections:

(a) The Producing Party will grant access to source code on two
"stand-alone" computers (the "Stand-Alone Computers") not connected to a
network, internet, or peripheral device, except that the stand-alone computers will be
connected to the following peripherals: (1) stand-alone monitors with screens no
smaller than 21 inches, (2) standard QWERTY keyboards, and (3) optical mice.

(b) The Producing Party shall not install any software or other device
on the Stand-Alone Computers that tracks, records, or monitors the Receiving
Party's review activity, including the source code reviewed or accessed.   Notepad++
software will be installed on the Stand-Alone Computers, along with whatever
additional plugins are necessary to adequately review the source code.  The source
code will be fully indexed for searching prior to the Receiving Party's review.

(c) The Producing Party shall make the Stand-Alone Computers
available at a secure location at either its offices, or at the office of the Producing
Party's counsel or another mutually agreed upon location, during regular business
hours (9:00 a.m. to 5:00 p.m. local time) on notice of ten (10) calendar days.  Absent
agreement of the Parties, the Receiving Party shall be entitled to three days of
inspection of source code as described in this Paragraph 8.3, which shall be limited
to two consecutive business days of inspection prior to the filing of Plaintiffs'
motions for class certification and one day of inspection, if any, after Plaintiffs'
motions for class certification are ruled upon.  The Producing Party agrees to

14

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 16 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 100-2   Filed 07/16/14   Page 16 of 24   Page ID
#:1027

consider reasonable requests from the Receiving Party for additional source code
review sessions if additional time is warranted by, for example, the volume and
complexity of the source code or an expressed need by Robins and/or Purcell to
independently review source code.  Each Stand-Alone Computer may be equipped to
store print requests in a print folder subject to the limitations set forth in Section 8.4.
The Producing Party may visually monitor the activities of the Receiving Party's
representatives during any source code inspection, but only to ensure no
unauthorized recording, copying, or transmission of the source code.  Audio
monitoring of the Receiving Party's representatives shall not be permitted.

(d)     The Receiving Party's representatives shall not be permitted to
take into the room in which the inspection takes place any camera, video camera,
phone, audio recording device, or any other device capable of recording images or
sound.

**8.4**     The Receiving Party may request paper copies of limited portions of
source code that are reasonably necessary for the preparation of court filings,
pleadings, expert reports, or other papers, or for deposition or trial, but shall not
request paper copies for the purposes of reviewing the source code other than
electronically as set forth in Paragraph 8.3 in the first instance.  The Producing Party
shall provide all such source code in paper form including bates numbers, the source
code's native line numbers, and the label "HIGHLY CONFIDENTIAL - SOURCE
CODE."  The Producing Party may challenge the amount of source code requested
in hard copy form pursuant to the dispute resolution procedure and timeframes set
forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the
Receiving Party is the "Designating Party" for purposes of dispute resolution.

**8.5**     The Receiving Party shall maintain a record of any individual who has
inspected any portion of the source code in electronic or paper form.  The Receiving
Party shall maintain all paper copies of any printed portions of the source code in a
secured, locked area.  The Receiving Party shall not create any electronic or other

15

Case 2:10-cv-05306-ODW-AGR  Document 103  Filed 08/25/14  Page 17 of 24  Page ID
Case 2:10-cv-05306-ODW-AGR  Document 100-3  Filed 07/16/14  Page 17 of 24  Page ID
#:1028

images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear

16

Case 2:10-cv-05306-ODW-AGR  Document 103  Filed 08/25/14  Page 18 of 24  Page ID
Case 2:10-cv-05306-ODW-AGR  Document 100  Filed 07/16/14  Page 18 of 24  Page ID
#:1029

the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving

17

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 19 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 100-5   Filed 07/16/14   Page 19 of 24   Page ID
#:1030

1   Party shall not produce any information in its possession or control that is subject to

2   the confidentiality agreement with the Non-Party before a determination by the

3   Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

4   expense of seeking protection in this court of its Protected Material.

5   **11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

6        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7   Protected Material to any person or in any circumstance not authorized under this

8   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

9   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

10   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

11   persons to whom unauthorized disclosures were made of all the terms of this Order,

12   and (d) request that such person or persons execute the "Acknowledgment and

13   Agreement to Be Bound" that is attached hereto as Exhibit A.

14   **12.   INADVERTENT PRODUCTION OF PRIVILEGED OR**

15   **OTHERWISE PROTECTED MATERIAL**

16        When a Producing Party gives notice to Receiving Parties that certain

17   inadvertently produced material is subject to a claim of privilege or other protection,

18   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

19   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

20   may be established in an e-discovery order that provides for production without prior

21   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

22   Parties reach an agreement on the effect of disclosure of a communication or

23   information covered by the attorney-client privilege or work product protection, the

24   Parties may incorporate their agreement in the Stipulated Protective Order submitted

25   to the Court.

26   **13.   MISCELLANEOUS**

27        **13.1   Right to Further Relief.**  Nothing in this Order abridges the right of

28   any person to seek its modification by the Court in the future.

18

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 20 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 100-6   Filed 07/16/14   Page 20 of 24   Page ID
#:1031

1    **13.2    Right to Assert Other Objections.**  By stipulating to the entry of this

2    Protective Order, no Party waives any right it otherwise would have to object to

3    disclosing or producing any information or item on any ground not addressed in this

4    Stipulated Protective Order.  Similarly, no Party waives any right to object on any

5    ground to use in evidence any of the material covered by this Protective Order.

6    **13.3    Filing Protected Material.**  Without written permission from the

7    Designating Party or a court order secured after appropriate notice to all interested

8    persons, a Party may not file in the public record in this action any Protected

9    Material.  A Party that seeks to file under seal any Protected Material must comply

10   with Civil Local Rule 79-5.1.  Protected Material may only be filed under seal

11   pursuant to a court order authorizing the sealing of the specific Protected Material at

12   issue.  Pursuant to Civil Local Rule 79-5.1, a sealing order will issue only upon a

13   request establishing that the Protected Material at issue is privileged, protectable as a

14   trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's

15   request to file Protected Material under seal pursuant to Civil Local Rule 79-5.1 is

16   denied by the Court, then the Receiving Party may file the Protected Material in the

17   public record unless otherwise instructed by the Court.

18   **14.    FINAL DISPOSITION**

19   Within 60 days after the final disposition of this action, as defined in Section

20   4, each Receiving Party must return all Protected Material to the Producing Party or

21   destroy such material.  As used in this subdivision, "all Protected Material" includes

22   all copies, abstracts, compilations, summaries, and any other format reproducing or

23   capturing any of the Protected Material.  Whether the Protected Material is returned

24   or destroyed, the Receiving Party must submit a written certification to the

25   Producing Party (and, if not the same person or entity, to the Designating Party) by

26   the 60-day deadline that (1) identifies (by category, where appropriate) all the

27   Protected Material that was returned or destroyed and (2) affirms that the Receiving

28   Party has not retained any copies, abstracts, compilations, summaries or any other

19

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 21 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 100   Filed 07/16/14   Page 21 of 24   Page ID
#:1032

1   format reproducing or capturing any of the Protected Material.  Notwithstanding this

2   provision, Counsel are entitled to retain an archival copy of all pleadings, motion

3   papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

4   deposition and trial exhibits, expert reports, attorney work product, and consultant

5   and expert work product, even if such materials contain Protected Material.  Any

6   such archival copies that contain or constitute Protected Material remain subject to

7   this Protective Order as set forth in Section 4 (DURATION).

8        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9   Dated:  July 16, 2014                    MAYER BROWN LLP
                                             JOHN NADOLENCO
10                                           BARRETT L. SCHREINER

11

12                                           By: /s/ John Nadolenco
13                                                John Nadolenco
                                             Attorneys for Defendant
14                                           SPOKEO, INC.

15  Dated:  July 16, 2014                    EDELSON PC
                                             RAFEY BALABANIAN
16                                           BEN THOMASSEN

17

18                                           By: /s/ Ben Thomassen
19                                                Ben Thomassen
                                             Attorneys for Plaintiff
20                                           THOMAS ROBINS

21  Dated:  July 16, 2014                    PROGRESSIVE LAW GROUP LLC
                                             MARK A. BULGARELLI
22

23

24                                           By: /s/ Mark A. Bulgarelli
                                                  Mark A. Bulgarelli
25                                           Attorneys for Plaintiff
                                             JENNIFER PURCELL
26

27

28

                                    20

Case 2:10-cv-05306-ODW-AGR   Document 103   Filed 08/25/14   Page 22 of 24   Page ID
Case 2:10-cv-05306-ODW-AGR   Document 100   Filed 07/16/14   Page 22 of 24   Page ID
#:1033

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2    DATED: August 25, 2014    *Alicia G. Rosenberg*

3                   ~~Otis D. Wright II~~ *Alicia G. Rosenberg*

                      United States ~~District~~ Judge

4                      *Magistrate*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

Case 2:10-cv-05306-ODW-AGR   Document 99   Filed 07/16/14   Page 23 of 24   Page ID
#:999

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [date] in the consolidated cases *Thomas Robins v. Spokeo,*

*Inc.*, Case No. CV-10-5306-ODW (AGRx), and *Jennifer Purcell v. Spokeo, Inc.*,

Case No. 11-CV-06003-ODW (AGRx).  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby consent to accept service of process in connection with this action or

any proceedings related to enforcement of the Protective Order by certified letter,

return receipt requested, at the address listed above, in lieu of personal service or

other methods of service.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

22

[PROPOSED] STIPULATED PROTECTIVE ORDER
710387399

CASE NO. CV-10-5306-ODW (AGRx)

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4

I, John Nadolenco, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-4.3.4(a), I hereby attest that all signatories have concurred in this filing.

Dated: July 16, 2014

MAYER BROWN LLP
JOHN NADOLENCO
BARRETT L. SCHREINER


By: /s/ John Nadolenco
John Nadolenco
Attorneys for Defendant
SPOKEO, INC.

23