1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2  jnadolenco@mayerbrown.com
   BARRETT L. SCHREINER (SBN 266617)
3  bschreiner@mayerbrown.com
   350 South Grand Avenue
4  25th Floor
   Los Angeles, CA 90071-1503
5  Telephone: (213) 229-9500
   Facsimile: (213) 625-0248
6
7  Attorneys for Defendant
   SPOKEO, INC.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11

12  JENNIFER PURCELL, Individually and      Judge:  Hon. Otis D. Wright II
    On Behalf of All Others Similarly
13  Situated,                               **DEFENDANT SPOKEO, INC.'S
                                            MEMORANDUM OF POINTS
14                      Plaintiff,          AND AUTHORITIES IN
                                            SUPPORT OF ITS MOTION FOR
15       v.                                 RECONSIDERATION OF ORDER
                                            DENYING THE MOTION TO
16  SPOKEO, INC.,                           STAY PENDING RESOLUTION
                                            OF PETITION FOR
17                      Defendant.          CERTIORARI, OR,
                                            ALTERNATIVELY, TO
18                                          CONTINUE THE MOTION FOR
                                            CLASS CERTIFICATION UNTIL
19                                          THE SUPREME COURT RULES**

20                                          Case No. CV-11-06003-ODW-AGRx

21                                          Complaint filed: September 3, 2010

22  THOMAS ROBINS, individually and on
    behalf of all others similarly situated,
23                                          Case No. CV-10-5306-ODW (AGRx)
                        Plaintiff,
24                                          Complaint filed: July 20, 2010
         v.
25                                          Date:  December 8, 2014
    SPOKEO, INC.,                           Time: 1:30 p.m.
26                                          Judge: Hon. Otis D. Wright II
    Defendant.
27

28
    _____
         SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
    RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF
              PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)
    711821097

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................... 1

II. BACKGROUND ...................................................................................... 3

III. THE COURT SHOULD RECONSIDER ITS PRIOR RULING AND STAY THIS CASE IN LIGHT OF THE SUPREME COURT'S ORDER ................................................................................................... 5

    A. The Court Has The Power To Reconsider And Vacate A Prior Order When New Material Facts Emerge ............................................ 5

    B. The Court Should Reconsider And Vacate Its June 3, 2014 Order, And Issue A New Order Granting A Stay ................................ 5

        1. The Supreme Court's Request For A Brief From The Solicitor General Dramatically Increases The Chances That the Supreme Court Will Grant Certiorari ........................ 6

        2. The Remaining Factors Tip Sharply In Spokeo's Favor And Warrant A Stay ................................................................ 8

    C. Any Stay Likely Will Only Last A Few Months Before The Supreme Court Decides Whether To Grant Certiorari ...................... 9

IV. ALTERNATIVELY, THE COURT SHOULD CONTINUE THE HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION ...................................................................................... 10

V. CONCLUSION ....................................................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alliance for the Wild Rockies v. Cottrell,*
  632 F.3d 1127 (9th Cir. 2011) ................................................................. 6

*Broncel v. H & R Transport, Ltd.*,
  No. 08-CV-496, 2010 WL 1729787 (C.D. Cal. Apr. 28, 2010) ......................... 5

*Clark v. Sprint Spectrum L.P.*,
  No. CV 10-9702, 2011 WL 835487 (C.D. Cal. Mar. 7, 2011) ......................... 10

*Clinton v. Jones,*
  520 U.S. 681 (1997) ............................................................................... 5

*Ferrell v. ConocoPhillips Pipe Line Co.*,
  No. 5:09-CV-00431, 2010 WL 1946896 (C.D. Cal. May 12, 2010) ................ 10

*First Am. Fin. Corp. v. Edwards,*
  131 S. Ct. 1592 (2011) ....................................................................... 2, 7

*First Am. Fin. Corp. v. Edwards,*
  131 S. Ct. 3022 (2011) ....................................................................... 2, 7

*First American Financial Corp. v. Edwards,*
  132 S. Ct. 2536 (2012) ............................................................... 1, 7, 8, 9

*Hilton v. Braunskill,*
  481 U.S. 770 (1987) ............................................................................... 6

*Humane Soc'y of U.S. v. Gutierrez,*
  558 F.3d 896 (9th Cir. 2009) .................................................................... 6

*Leiva-Perez v. Holder,*
  640 F.3d 962 (9th Cir. 2011) ............................................................... 6, 8

*Mediterranean Enter., Inc. v. Ssangyong Corp.*,
  708 F.2d 1458 (9th Cir. 1983) ............................................................... 10

*Misra v. Decision One Mortg. Co., LLC*,
  673 F. Supp. 2d 987 (C.D. Cal. 2008) ...................................................... 11

ii

SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF
PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)

711821097

*Perez v. Safelite Grp. Inc.*,
   553 F. App'x 667 (9th Cir. 2014) ....................................................... 10

*Purcell v. Spokeo, Inc.*,
   No. 11-cv-06003-ODW ..................................................................... 4

*Robins v. Spokeo, Inc.*,
   742 F.3d 409 (9th Cir. 2014) ..................................................... 3, 4, 8

*Robins v. Spokeo, Inc.*,
   No. 10-cv-05306-ODW ..................................................................... 4

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) ............................................................... 5

*Situ v. Leavitt*,
   No. C06-2841, 2006 WL 1530129 (N.D. Cal. June 2, 2006) ........................... 10

*Washington v. Tribal Court for Confederated Tribes & Bands of Yakama
   Nation*,
   No. CV-12-3152, 2013 WL 139368 (E.D. Wash. Jan. 10, 2013) ...................... 8

*Winter v. Natural Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ........................................................................ 6, 8

*Wright v. Schock*,
   742 F.2d 541 (9th Cir. 1984) ............................................................ 10

**STATUTES**

28 U.S.C. § 1292(b) .............................................................................. 3

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 23 ............................................................................ 10

Local Rule 7-18 ................................................................................... 5

Local Rule 23-3 ................................................................................... 10

Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition
   Procedures: The Call for Response and the Call for the Views of the
   Solicitor General*, 16 Geo. Mason. L. Rev. 237 (2009) ...................... 6, 7, 10

711821097

## I.    INTRODUCTION

In September 2011, this Court dismissed Plaintiff Thomas Robins' claims, holding, *inter alia*, that merely alleging a violation of a federal statute—here, the Fair Credit Reporting Act—did not automatically confer Article III standing. Though the U.S. Court of Appeals for the Ninth Circuit reversed this Court's decision, Defendant Spokeo, Inc. petitioned the U.S. Supreme Court for review (the "Petition"). When it did so, it asked this Court to stay the case. Though this Court did not do so (ECF No. 94 (Order)), it modified the case's schedule such that briefing on the motion for class certification "would not be due until after the Supreme Court is expected to decide on Spokeo's petition" (*id*).

Those were the best laid plans. But the Supreme Court has thrown a wrench into affairs, issuing an order on October 6, 2014 inviting the Solicitor General to file a brief expressing the views of the United States concerning Spokeo's Petition. ECF No. 106 & Ex. A (Notice of Supreme Court Activity). In response to such invitations, the Solicitor General's office typically files an amicus brief expressing its view on whether the Supreme Court should grant certiorari. *See* The United States Department of Justice, Office of the Solicitor General, Briefs, Help and Glossary, http://www.justice.gov/osg/briefs/ help.html#invitations (last visited October 10, 2014). Once the Supreme Court requests briefing from the Solicitor General, the likelihood that the Supreme Court will grant certiorari increases exponentially. Statistics reveal that in "paid" cases, like this one, the Supreme Court grants certiorari in 42% of cases in which the views of the Solicitor General are requested. Such a petition is nearly ***50 times more likely to be granted*** following a request for the Solicitor General's views than in the absence of such a request. Indeed, tellingly, in *First American Financial Corp. v. Edwards*, 132 S. Ct. 2536 (2012)—a case that presented the same Article III standing issue that this case presents—the Supreme Court asked the Solicitor General for his views

SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)

711821097

1   whether the Supreme Court should take the case, the Solicitor General filed a brief

2   urging the Supreme Court *not* to take the case, and the Supreme Court granted

3   certiorari nonetheless.  *First Am. Fin. Corp. v. Edwards*, 131 S. Ct. 1592 (2011),

4   Brief for the United States as Amicus Curiae, *First Am. Fin. Corp. v. Edwards*, 131

5   S. Ct. 1592 (2011) (No. 10-708), 2011 WL 1979649; *First Am. Fin. Corp. v.*

6   *Edwards*, 131 S. Ct. 3022 (2011)).  The Supreme Court's order calling for the

7   views of the Solicitor General on Spokeo's Petition therefore seems a clear

8   indication that the Court remains interested in the standing issue the Petition

9   presents.

10          When the Court ruled on Spokeo's prior Motion to Stay, it was

11  "unpersuaded of Spokeo's likelihood of success on the merits."  ECF No. 94 at 3.

12  Spokeo seeks reconsideration of that ruling given the Supreme Court's recent order

13  calling for the views of the Solicitor General.  Though Spokeo cannot go so far as

14  to argue that there is a strong likelihood that the Supreme Court will grant

15  certiorari, the Supreme Court's recent order certainly means that, at a minimum,

16  there are serious questions going to the merits as it seems far more likely now that

17  the Supreme Court will grant certiorari than it did at the time this Court previously

18  ruled on Spokeo's Motion to Stay.  Plus, Spokeo will suffer irreparable harm by

19  being forced to litigate against plaintiffs with no injury in a court that lacks subject

20  matter jurisdiction.  If the case is not stayed, Spokeo will continue to have to

21  provide class-wide discovery, defend a motion for class certification, and face

22  some risk that a class will be certified—all in advance of the substantial possibility

23  that the Supreme Court will take this case and decide that Plaintiffs never had

24  standing to begin with.  By contrast, Plaintiffs Jennifer Purcell and Thomas Robins

25  will suffer little, if any, harm if they simply have to wait—possibly only a few

26  months—until the Solicitor General's office files its brief and the Supreme Court

27  / / /

28

1   decides whether to grant certiorari.  Thus, the balance of hardships favors a stay—
2   as does the public interest.

3       Alternatively, if the Court is not inclined to grant a stay, Spokeo requests
4   that the Court, in its broad discretion, continue the hearing on the motion for class
5   certification until after the Supreme Court rules on the Petition.  Plaintiff Jennifer
6   Purcell has stated that she does not object to a continuation of briefing and the
7   hearing on class certification.

8   **II.    BACKGROUND**

9       In this case, Plaintiff Thomas Robins brought a putative class action against
10  Spokeo alleging violations of FCRA and California's Unfair Competition Law
11  ("UCL").  In response to Spokeo's initial motion to dismiss, this Court dismissed
12  Plaintiff's complaint with leave to amend, holding that he had failed to allege an
13  injury-in-fact because he had not alleged "any actual or imminent harm."  (ECF
14  No. 35.)  Plaintiff amended his complaint (ECF No. 40), and thereafter, the Court
15  granted Spokeo's motion to dismiss as to Plaintiff's UCL claim, but denied the
16  motion as to the FCRA claims (ECF No. 52).  Thereafter, Spokeo sought
17  certification for an interlocutory appeal under 28 U.S.C. § 1292(b), and in response
18  to that motion, this Court dismissed the case with prejudice based on the Article III
19  analysis in its original dismissal order.  (ECF No. 66.)

20      Plaintiff appealed and the Ninth Circuit reversed, holding that the "creation
21  of a private cause of action to enforce a statutory provision implies that Congress
22  intended the enforceable provision to create a statutory right," *Robins v. Spokeo,*
23  *Inc.*, 742 F.3d 409, 412 (9th Cir. 2014) and that "the violation of a statutory right is
24  usually a sufficient injury in fact to confer standing" *id.* (citing *Edwards v. First*
25  *Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010)).  Because "the statutory cause of
26  action does not require a showing of actual harm when a plaintiff sues for willful
27  violations," *id.*, the Ninth Circuit held that actual harm was unnecessary to

28

1   establish injury-in-fact.  The Ninth Circuit concluded, "alleged violations of

2   Robins's statutory rights are sufficient to satisfy the injury-in-fact requirement of

3   Article III." *Id.* at 413-414.

4          The Ninth Circuit recognized that its analysis had the practical effect of

5   turning the three-part test for Article III standing into a single-factor inquiry

6   satisfied by the availability of a statutory remedy:  "[w]hen the injury-in-fact is the

7   violation of a statutory right that we inferred from the existence of a private cause

8   of action, causation and redressability will usually be satisfied." *Id.* at 414.  When

9   the statutory violation *is* its own injury, causation is self-evident. *Id.*  And the

10  presence of a statutory remedy guarantees redressability, since there is no injury to

11  redress apart from the statutory violation itself. *Id.*

12         On May 1, 2014, Spokeo filed its petition for a writ of certiorari seeking

13  review of the Ninth Circuit's decision.  On May 12, 2014, Spokeo filed its Motion

14  to Stay (ECF No. 89), which the Court denied on June 3, 2014 (ECF No. 94).  The

15  Court, however, did set a hearing date for Robins' motion for class certification,

16  which would allow the motion to be filed, briefed, and heard after the Supreme

17  Court was expected to rule on Spokeo's Petition. *Id.*[1]  The Petition was briefed by

18  the parties, and on October 6, 2014, the Supreme Court issued an order inviting the

19  Solicitor General to file a brief expressing the views of the United States.  ECF No.

20  106 & Ex. A.

21  / / /

22  / / /

23  / / /

24  / / /

25        [1]     On July 7, 2014, this Court issued an order, pursuant to stipulation, consolidating
      the cases, *Robins v. Spokeo, Inc.*, No. 10-cv-05306-ODW (AGRx) and *Purcell v. Spokeo, Inc.*,
26    No. 11-cv-06003-ODW (AGRx), for the purposes of discovery and all pre-trial matters.  ECF
      No. 99.  Thus, the stay Spokeo seeks applies to both Plaintiffs Robins and Purcell.  Purcell,
27    however, does not object to a continuation of class certification dates.

28

## III. THE COURT SHOULD RECONSIDER ITS PRIOR RULING AND STAY THIS CASE IN LIGHT OF THE SUPREME COURT'S ORDER

### A. The Court Has The Power To Reconsider And Vacate A Prior Order When New Material Facts Emerge

This Court "has discretion to reconsider and vacate a prior order." *See Broncel v. H & R Transport, Ltd.*, No. 08-CV-496, 2010 WL 1729787, at *2 (C.D. Cal. Apr. 28, 2010) (citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994) and *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992)).  A motion for reconsideration is properly granted where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  Local Rule 7-18 authorizes a motion for reconsideration to be made when

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18.  Here, Spokeo's motion for reconsideration is proper because new material facts have emerged since the Court's June 3, 2014 Order denying a stay.

### B. The Court Should Reconsider And Vacate Its June 3, 2014 Order, And Issue A New Order Granting A Stay

As the Court noted in its Order, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  In deciding whether to issue a stay, a court must consider four factors: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably

5

711821097

1   harmed absent a stay; (3) whether issuance of the stay will substantially injure the

2   other parties interested in the proceedings; and (4) where the public interest lies.

3   *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987); *see also Winter v. Natural Res.*

4   *Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Humane Soc'y of U.S. v. Gutierrez*, 558

5   F.3d 896, 896 (9th Cir. 2009).  Serious questions going to the merits—as opposed

6   to likelihood of success—and a balance of hardships that tips sharply in the

7   moving party's favor may also support issuance of a stay, as long as the moving

8   party also makes a showing of irreparable injury and that the injunction is in the

9   public interest.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35

10  (9th Cir. 2011).  Significantly, the Ninth Circuit has held that courts have authority

11  to balance the elements of the preliminary injunction test, so long as a threshold

12  showing is made on each factor.  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th

13  Cir. 2011) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1131-32).

14          Under these standards, and in light of the Supreme Court's request for the

15  views of the Solicitor General, a stay is now warranted.

16          **1.      *The Supreme Court's Request For A Brief From The Solicitor***
                       ***General Dramatically Increases The Chances That the***
17                     ***Supreme Court Will Grant Certiorari***

18          A party seeking a stay must show that it is likely to succeed on the merits or,

19  at least, that serious questions going to the merits exist.  *Leiva-Perez*, 640 F.3d at

20  966; *Alliance for the Wild Rockies*, 632 F.3d at 1135.  The Supreme Court's

21  October 6 order inviting the Solicitor General to file a brief certainly raises serious

22  questions going to the merits.  For starters, at least four Justices must vote to

23  request the views of the Solicitor General.  David C. Thompson and Melanie F.

24  Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition*

25  *Procedures: The Call for Response and the Call for the Views of the Solicitor*

26  *General*, 16 Geo. Mason. L. Rev. 237, 273 & n. 148 (2009) (citing *Medellin v.*

27  *Texas*, 129 S. Ct. 360, 364 (2008) (Breyer, J., dissenting)).  According to the

28                                                6

1    leading study on the issue, the Supreme Court's overall grant rate increases from

2    0.9% to 34% following a call for the views of the Solicitor General from the Court.

3    *Id.* at 245.  In other words, the Supreme Court is 37 times more likely to grant a

4    petition when the Solicitor General's views are requested.  *Id.*  For petitions on the

5    paid docket—like Spokeo's—the grant rate increases even more, to 42%.  *Id.*  A

6    paid petition is thus ***47 times more likely to be granted*** following a request for the

7    Solicitor General's views.  *Id.*

8            Moreover, the Supreme Court is still more likely to grant a petition after

9    briefing from the Solicitor General even if the Solicitor General has recommended

10   denying certiorari.  *Id.* at 274.  Even if the Solicitor General recommends denying,

11   the Supreme Court still grants certiorari approximately 20% of the time.  *Id.* at

12   275-76.  Indeed, in *First American Financial Corp. v. Edwards*, the Supreme Court

13   invited the Solicitor General to file a brief in that case expressing the views of the

14   United States (*First Am.*, 131 S. Ct. at 1592), and even after the Solicitor General

15   strongly recommended denying certiorari (Brief for the United States as Amicus

16   Curiae, 2011 WL 1979649), the Supreme Court still granted certiorari (*First Am.*,

17   131 S. Ct. at 3022).

18           In its June 3, 2014 Order, the Court was unpersuaded that Spokeo was likely

19   to succeed on the merits.  ECF No. 94 at 3.  But the request for the views of the

20   Solicitor General reflects a material change in circumstances demonstrating that

21   Spokeo's Petition raises a serious question going to the merits.  The Supreme

22   Court already granted certiorari in *Edwards* to decide whether a mere violation of a

23   federal statute was sufficient to confer Article III standing.  Spokeo's Petition

24   raises the same issue.  Though the Supreme Court ultimately dismissed certiorari

25   as having been improvidently granted in *Edwards*—presumably because the

26   Supreme Court concluded that *Edwards* did not present a proper vehicle for

27   resolving that issue—it certainly appears that at least four Justices wish to explore

28

7

SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)

711821097

further whether to grant certiorari in *Spokeo* to address the standing issue left unresolved in *Edwards* presented.  Stated simply, Spokeo has now demonstrated serious questions going to the merits.

### 2. The Remaining Factors Tip Sharply In Spokeo's Favor And Warrant A Stay

Spokeo must also establish irreparable harm is probable if a stay is not granted.  *Leiva-Perez v. Holder*, 640 F.3d at 968.  That is certainly the case.  This Court previously concluded that the costs associated with class certification discovery and litigation in general did not favor a stay.  But it sought to alleviate the harms stemming from class certification proceedings by issuing a scheduling order that would place the briefing and hearing on class certification after the Supreme Court's expected decision on whether to grant certiorari.  The Supreme Court's recent order both reflects a substantial possibility that review will be granted while briefly deferring the date on which that decision will be made.  As a result, Spokeo now faces the prospect of having a class certified by this Court only to later have the Supreme Court rule that Plaintiff never had standing in the first place.  Plus, forcing Spokeo to continue litigating in a forum that ultimately may never have had subject-matter jurisdiction against a Plaintiff who never suffered an injury-in-fact is the very type of irreparable harm meant to be avoided in federal courts addressing standing as a threshold issue.  *See Washington v. Tribal Court for Confederated Tribes & Bands of Yakama Nation*, No. CV-12-3152, 2013 WL 139368, at \*3 (E.D. Wash. Jan. 10, 2013) (preliminary injunction granted under *Winter* where "the Plaintiffs are likely to suffer irreparable harm if they are compelled to litigate the dispute in a forum which does not have jurisdiction.").  Certainly standing should be definitively resolved before the class-certification stage.

/ / /

SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)

711821097

In its June 3, 2014 Order, the Court found that the only injury to Plaintiff from a stay was delay.  In light of the Supreme Court's recent order, however, the requested delay is fully justified, and, as we discuss below, any delay before the Supreme Court resolves Spokeo's Petition is likely to be brief.

Finally, the Court's June 3, 2014 Order recognized that the public interest lies not only in the timely resolution of this case, but also in "the legal issue that Spokeo seeks to appeal to the Supreme Court."  ECF 94 at 3.  Now that the Supreme Court is statistically more likely to grant Spokeo's Petition, the public interest tips in favor of staying this case to see if the Supreme Court grants Spokeo's Petition.

## C.   Any Stay Likely Will Only Last A Few Months Before The Supreme Court Decides Whether To Grant Certiorari

Though there is no set deadline for the Solicitor General to comply with the Supreme Court's request and file a brief expressing the Solicitor General's view of the case and whether certiorari is warranted, the Solicitor General's Office typically responds to the Supreme Court within a matter of months.  Spokeo expects that the Solicitor General's Office will file its brief by the end of this year, but there is no guarantee of that.  In *Edwards*, for comparison, the Solicitor General's office filed its brief less than three months after the Supreme Court issued its order, and the Supreme Court granted the Petition just one month after that.  Following that model, the Supreme Court could well decide whether to grant certiorari in early February 2015.[2]  A stay until then is clearly warranted—and

---

[2] According to the leading study on the issue,

> [t]he Court's calendaring process creates incentives for the [Solicitor General] to file invitation briefs, in response to [calls for the views of the Solicitor General] by two informal "cut-off dates":  late December and late May.  In order for the Court to hear a case in a given Term, all relevant briefs must be filed by the end of December, so that the Court can consider the case at conference in January, in time to calendar the argument for April.  Thus, the [Solicitor General] has an incentive, if not a formal deadline, to answer pending [calls for the views of the

(cont'd)

9

SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)

711821097

1   Spokeo will promptly notify this Court when the Solicitor General's Office files its

2   brief and when the Supreme Court ultimately rules on Spokeo's Petition so that

3   this Court can decide whether to lift the stay or take some other action.

4   **IV.   ALTERNATIVELY, THE COURT SHOULD CONTINUE THE
       HEARING ON PLAINTIFFS' MOTION FOR CLASS**

5   **CERTIFICATION**

6        If the Court does not stay the case, it should at least continue the briefing

7   and hearing schedule on Plaintiffs' motion to certify a class.  Indeed, *Purcell has*

8   *stated that she does not object to such a continuation.*

9        It is beyond dispute that a "trial court possesses the inherent power to control

10  its own docket and calendar."  *Mediterranean Enter., Inc. v. Ssangyong Corp.*, 708

11  F.2d 1458, 1465 (9th Cir. 1983).  This principle is equally true in the context of

12  scheduling a motion for class certification.  *See, e.g.*, *Wright v. Schock*, 742 F.2d

13  541, 543 (9th Cir. 1984) (the scheduling "language of [Federal Rule of Civil

14  Procedure 23] section (c)(1) leaves much room for discretion") (quotation and

15  citations omitted); *Situ v. Leavitt*, No. C06-2841, 2006 WL 1530129, at *1 (N.D.

16  Cal. June 2, 2006) (vacating motion for class certification for scheduling purposes

17  under the court's inherent discretion to manage its docket).  Even under Local Rule

18  23-3, the timing of class certification remains "committed to the discretion of the

19  district judge."  *Perez v. Safelite Grp. Inc.*, 553 F. App'x 667, 669 (9th Cir. 2014);

20  *see also Clark v. Sprint Spectrum L.P.*, No. CV 10-9702, 2011 WL 835487, at *2

21  (C.D. Cal. Mar. 7, 2011) (the court has discretion to extend class certification

22  beyond the confines of Local Rule 23-3); *Ferrell v. ConocoPhillips Pipe Line Co.*,

23  No. 5:09-CV-00431, 2010 WL 1946896, at *2 (C.D. Cal. May 12, 2010) (same);

24  / / /

25  _____

         Solicitor General]—those requested, roughly, between May and October—before
26       the end of the calendar year.

27  Thompson & Wachtell, *supra*, 16 Geo. Mason L. Rev. at 293.

28
                                          10

1  *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993-94 (C.D. Cal.
2  2008) (same).

3  In its June 3, 2014 Order, though the Court denied a stay, it nonetheless
4  altered the schedule for the impending class certification motion so that briefing on
5  the motion was not due until after the Supreme Court was expected to rule on
6  Spokeo's Petition.  ECF No. 94 at 3-4.  If the Court does not stay the consolidated
7  cases, it should do the same and again continue class certification so that briefing
8  on the motion is not due until after the Supreme Court rules on Spokeo's Petition.

9  Spokeo cannot reasonably predict when the Solicitor General will file its
10  brief and when the Supreme Court will decide the Petition.  Nonetheless, in light of
11  the stay factors discussed above, Spokeo respectfully requests that the Court not
12  hear any motion for certification that Plaintiffs file until March 2, 2015, and that
13  the Court set a status conference for February 16, 2015, at which time the parties
14  will report the status of the Solicitor General's brief and the Supreme Court's
15  decision, if any, on Spokeo's Petition.  As noted, however, Spokeo will promptly
16  notify this Court when the Solicitor General's Office files its brief and when the
17  Supreme Court ultimately decides on Spokeo's Petition.

18  **V.  CONCLUSION**

19  For the foregoing reasons, the Court should reconsider and vacate its June 3,
20  2014 Order denying a stay and issue a new order staying the consolidated cases, or,
21  alternatively, continue briefing and the hearing on Plaintiffs' motion for class
22  certification until after the Supreme Court rules on Spokeo's Petition.

23  Dated:  November 10, 2014                    MAYER BROWN LLP
24                                                JOHN NADOLENCO
                                                 BARRETT L. SCHREINER
25

26                                                BY:    S/ JOHN NADOLENCO
27                                                       John Nadolenco
                                                 Attorneys for Defendant, SPOKEO, INC.
28

11

SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF
PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)

711821097

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12

SPOKEO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING THE MOTION TO STAY PENDING RESOLUTION OF PETITION FOR CERTIORARI; CASE NO. CV-10-5306-ODW (AGRX)

711821097